LUCY TORRE v. ALBERT DeRENZO, ADMINISTRATOR (ESTATE OF CIRIACO DeRENZO), ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 6—decided March 27, 1956

*Louis Feinmark,* with whom was *Irving Smirnoff,* for the appellant (plaintiff).

*Bernard Greenberg,* with whom, on the brief, was *Frederick L. Greenberg,* for the appellees (defendants).

O'SULLIVAN, J. The plaintiff originally brought suit against Ciriaco DeRenzo, who died before trial and for whom the court substituted the administrator on his estate. Subsequently, Antonetta DeRenzo was added as a party defendant. We shall discuss the case as though Ciriaco and Antonetta were the defendants and we shall refer to them as the landlords. The suit was instituted to recover damages for personal injuries received by the plaintiff when her foot went through a weak part of the flooring in an apartment which the landlords had rented. The court directed a verdict for the landlords, and the plaintiff has appealed, assigning as error the action of the court in directing the verdict and in refusing to set it aside.

In testing the correctness of a directed verdict, we must consider the evidence in the aspect most favorable to the plaintiff. *Lesser* v. *Bridgeport-City Trust Co.,* 124 Conn. 59, 61, 198 A. 252; Maltbie, Conn. App. Proc., § 117. In view of this rule, we assume that the following facts were established: During the evening of August 9, 1950, the plaintiff visited a friend of hers, Mrs. Theresa Killinger, at the latter's apartment on the ground floor of a building housing a number of tenants. The premises were then owned by the landlords. During the course of the visit, the plaintiff, wanting a glass of water, got up from a chair on which she was seated in the kitchen. While she was walking toward the sink, a portion of the flooring on which she stepped completely gave way, causing her leg to go into the space below. After Mrs. Killinger had helped the plaintiff to get on her feet, they looked through the hole and saw boards hanging down into the cellar. The landlords' son, who acted as their agent in regard to the building and who lived on the same floor as Mrs.

Killinger, was immediately called to give assistance to the plaintiff. He later went out and returned with some boards and nailed them over the hole.

The apartment occupied by Mrs. Killinger and her three children had formerly been a store. It had been made over into a two-room apartment. Before renting it in 1949, Mrs. Killinger was shown around by one of the landlords. At that time, boards had been nailed over what had previously been a hole in the floor at the place where the plaintiff was injured. The floor was not level at that point. After moving in, Mrs. Killinger, by covering the floor with linoleum, concealed the boards over the hole. Subsequently, she noticed that the floor was wobbly and that the linoleum wore faster where the boards covered the hole. The floor of the apartment consisted of a single layer of boards. This layer also constituted the ceiling of the cellar below. Directly below the place where the plaintiff's mishap occurred, the cellar was used in common by various tenants of the building, excluding Mrs. Killinger. As a result of the accident, the plaintiff sustained injuries of an aggravated nature. On the basis of the foregoing facts, the court directed a verdict for the landlords.

It is the duty of the lessor to use reasonable care to keep in a reasonably safe condition the parts of his building over which he reserves control. *White* v. *DeVito Realty Co.*, 120 Conn. 331, 335, 180 A. 461. This duty applies, for example, to common passageways retained by him for the use of his tenants and of those having lawful occasion to visit the various apartments. *Koskoff* v. *Goldman*, 86 Conn. 415, 424, 85 A. 588. It follows that if the plaintiff, as a visitor, was injured because of a defective or dangerous condition existing in the part

of the building under the control of the landlords, she could recover from them upon establishing that the sole cause of her injuries was their failure to perform their duty properly.

The plaintiff's injuries, however, were due to the collapse of the floor within Mrs. Killinger's apartment. Ordinarily, under an oral lease of an apartment in a building housing, as here, more than one family, the lessor neither impliedly warrants that the demised premises are in a reasonably safe condition nor impliedly undertakes to keep in reasonable repair the part of the premises leased to and placed in the exclusive possession and control of the lessee. *Zorn* v. *Beal,* 134 Conn. 697, 700, 60 A.2d 655. The lessee usually assumes the risk arising from defective or dangerous conditions in that· part of the premises, and the lessor is not liable for injuries to the lessee sustained by reason of those conditions. *Newell* v. *Weisman,* 113 Conn. 744, 746, 156 A. 886; *Gallagher* v. *Button,* 73 Conn. 172, 175, 46 A. 819. Furthermore, in the absence of an express or implied agreement to the contrary, the lessee of an apartment such as the one involved in the case at bar acquires an exclusive right of occupancy and control of the apartment and, as incidental thereto, of the parts of the structure which form an integral part of the tenement. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn. 234, 237, 70 A.2d 126; *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 579, 173 A. 237. An "integral" part of a tenement is a part "essential to completeness." *Martel* v. *Malone,* 138 Conn. 385, 390, 85 A.2d 246. Ordinarily, the floor of a leased apartment falls within this definition. Since it is thus within the exclusive control of the lessee, the lessor is under no duty to repair it. See

*Chambers* v. *Lowe,* 117 Conn. 624, 169 A. 912.

Nor is the landlords' position altered in the case at bar because the boards which served as the ceiling for the cellar also served as the floor for Mrs. Killinger's apartment. Since all of the lessees except Mrs. Killinger had the right to use the cellar in common, that part of the building was retained in the control of the landlords. For this reason they were under the duty of exercising reasonable care to keep the ceiling in a reasonably safe condition as a ceiling of the cellar but not as a floor of the apartment above. Moreover, that duty, limited as it was, was owed only to those entitled to use the cellar. It was not owed to Mrs. Killinger or to her visitor.

Nor was it significant, on the question of control of the floor, that, after the plaintiff was injured, the landlords' agent came into Mrs. Killinger's apartment at her request to give whatever assistance he could to the plaintiff, and that shortly thereafter he left and later returned with some boards which he nailed over the hole in the floor. Repairs, by a lessor, of a condition within an apartment may serve to corroborate other evidence indicating his reservation of a right of control. *Dean* v. *Hershowitz,* 119 Conn. 398, 415, 177 A. 262. But, in itself, testimony of such repairs is open to too many explanations other than an assumption of control and is too much outweighed by the implications growing out of the nature of the estate created by the leasing to afford a basis upon which to find a reservation of control of a floor wholly within an apartment and thus to impose upon the landlord a duty to make repairs. *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 190, 38 A.2d 668. A verdict for the plaintiff could not be supported on the ground that there was evidence to establish the landlords' con-

trol of the floor and their liability for failing to remedy the defective condition existing therein.

It is true that a visitor to leased premises may have a right against the lessor which the lessee does not enjoy. Thus a lessor, under proper circumstances, is liable for injuries where he leases premises on which he knows or should know that there are conditions likely to injure persons entering on them, where the purpose for which the premises are leased involves the fact that people will be invited to them as patrons of the lessee, and where the lessor knows or should know that the lessee cannot reasonably be expected to remedy, or guard against injury arising out of, the conditions. *Webel* v. *Yale University,* 125 Conn. 515, 523, 7 A.2d 215; *Hahn* v. *Musante, Berman & Steinberg & Co.,* 130 Conn. 441, 445, 35 A.2d 201; *Corrigan* v. *Antupit,* 131 Conn. 71, 73, 37 A.2d 697. The plaintiff has incorporated in her complaint allegations which clearly indicate a reliance upon the principle set forth in the *Webel* case, supra. She gains no comfort from these allegations. The principle is not applicable, since she was a social visitor and not a business patron at her friend's apartment. See *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826; *Laube* v. *Stevenson,* 137 Conn. 469, 473, 78 A.2d 693. The court was correct in directing the verdict and subsequently in refusing to set it aside.

There is no error.

In this opinion the other judges concurred.