JOSEPH CIVALE *v.* MERIDEN HOUSING AUTHORITY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 9—decided June 11, 1963

*Joseph P. Patrucco*, with whom was *Leonard J. Powers*, for the appellant (plaintiff).

*John E. McNerney*, with whom, on the brief, was *Francis J. Moran*, for the appellee (defendant).

BALDWIN, C. J.  The plaintiff sued to recover damages for injuries he allegedly sustained when he fell from a stairway leading to the basement in his apartment in the defendant's housing development.  The facts found by the trial court can be stated in summary as follows:  The plaintiff, his wife and their three children occupied, as tenants under an oral lease from month to month, a four-room apartment in the housing development.  The development consisted of a number of separate housing units, each containing one-, two-, three- or four-family apartments.  The plaintiff's apartment was in a unit which had three other four-room apartments. It consisted of two rooms on the second floor, two rooms on the ground floor, and a basement.  A stairway led from the kitchen on the

ground floor to the basement. This stairway was wholly within the premises leased by the plaintiff and was used only by him and his family. It was constructed of two wooden stringers, each two inches by ten inches, extending from the first floor to the basement, with stair treads between. The treads were supported by cleats nailed to the stringers and were themselves nailed to the cleats and also to the stringers. During the eight years of the plaintiff's occupancy, no interior repairs to the apartment were made and none were necessary. The plaintiff, during this time, used the stairway without any difficulty and did not notice anything wrong with it. On March 25, 1958, he was descending the stairway when the third tread from the bottom gave way, causing him to fall and injure himself. The tread fell to the basement floor, but it was not broken or splintered. The cleats on which it had rested were in their proper position, and the stringers were intact and not damaged. On the day following his fall, the plaintiff reported it to the defendant and requested that the stairway be repaired. The defendant's superintendent repaired the stairway the same day. The defendant had not previously inspected the interior of the plaintiff's apartment or the stairway for the purpose of making repairs. It made repairs in the apartments in the development only when they were requested and were necessary by reason of ordinary wear and tear. The apartments were inspected annually solely for the purpose of determining whether they were kept clean. The plans for the four-family units in the development were not all identical.

Ordinarily, a tenant takes the premises as he finds them. He bears the risk of any defective conditions which are within the demised area under

his exclusive possession and control. *Masterson* v. *Atherton,* 149 Conn. 302, 306, 179 A.2d 592; *Torre* v. *DeRenzo,* 143 Conn. 302, 306, 122 A.2d 25. This rule, however, does not apply to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord. *Masterson* v. *Atherton,* supra, 307. The trial court concluded, in effect, that the stair tread was not worn or weakened, that the stairs were not faulty in design or construction, and that the plaintiff had failed to prove what caused the tread to fall. In view of the subordinate facts which were found, and which are unchallenged, and the conclusions, which the subordinate facts reasonably and logically support, the plaintiff's claim that the judgment is not supported by the finding must fail. This determination makes any discussion of the other errors assigned, including those dealing with the questions of notice and control, unnecessary.

There is no error.

In this opinion the other judges concurred.