**Patrick J. POTEAT, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–1164.**

District of Columbia Court of Appeals.

Argued May 17, 1989.

Decided June 2, 1989.

William S. Rhyne, appointed by the court, for appellant.

Ronald C. Crump, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell and Helen M. Bollwerk, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, FERREN and TERRY, Associate Judges.

FERREN, Associate Judge:

A jury found appellant guilty of one count of distribution of phencyclidine (PCP) and one count of distribution of cannabis (marijuana). D.C.Code § 33–541(a)(1) (1988). The trial court sentenced appellant to a prison term of forty months to ten years on the PCP count and to a concurrent term of one year on the marijuana count. Appellant filed a timely appeal arguing (1) the trial court erred in refusing to stay execution of a parole violation warrant for his arrest, and (2) the prosecutor's misconduct in questioning appellant about the credibility of government witnesses, and in commenting on appellant's answers during closing argument, deprived appellant of a fair trial. We affirm.

### I.

Before trial, the prosecutor informed the trial court that there was an outstanding parole violation warrant for appellant's arrest. Defense counsel requested a stay of execution of the warrant so that appellant, who had been released pending trial, could help locate a witness for the defense. While the trial judge indicated he was sympathetic to the request, he stated he did not have any discretion to stay the execution of the warrant, and appellant, accordingly, was taken into custody.

At trial, the government's evidence showed that an undercover police officer approached a group on the street and asked if anyone had any "boat," a street name for PCP-laced marijuana. A man later identified as appellant replied, "You looking for boat?" When the officer said yes, appellant pulled a paper bag out of his jacket and gave the officer a tinfoil packet, later shown to contain a usable amount of marijuana laced with PCP. The officer paid appellant with two five dollar bills that the officer had previously marked with his initials and then recorded their serial numbers. The police officer left the scene and described appellant over the radio; another team of police officers arrested appellant. The undercover officer rode by in his unmarked car and identified appellant. Appellant was arrested, and the two marked five dollar bills were found in his left front pants pocket.

Appellant testified that after work he had been drinking with some friends on the street, about three blocks from where he lives. Suddenly, out of nowhere, the police arrived and searched everyone in the group surrounding appellant. The police arrested appellant and, when they searched him, found one ten dollar bill and three ones. Appellant denied selling drugs. On cross-examination, the prosecutor asked appellant whether the undercover officer who testified that appellant had sold him drugs "made a mistake." The prosecutor also asked whether the arresting officer had

"made a mistake" when he testified that he had found the two marked five dollar bills in appellant's pocket.

## II.

■ Appellant contends the trial court erred in concluding that it had no discretion under D.C.Code § 24–205 (1981) to stay execution of the parole violation warrant and that this error prejudiced appellant by limiting his ability to prepare a defense. Appellant argues, more specifically, that Super.Ct.Crim.R. 32.1(a)(3), authorizes a trial court to stay execution of a parole violation warrant. Super.Ct.Crim.R. 32.1, however, governs the execution of warrants for violations of conditions of probation. Unlike the terms and conditions of probation, which are committed to the trial court's discretion, D.C.Code § 24–104 (1981); *see Smith v. United States*, 474 A.2d 1271, 1274 (D.C.1983), the decision to terminate parole and to issue warrants for violation of the conditions of parole is within the sole authority of the Board of Parole. *See* D.C. Code § 24–204 (1981); 28 DCMR §§ 100.2, 100.4 (1987); *see also Birch v. Anderson*, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965) (Board has jurisdiction over prisoners paroled at its discretion until end of maximum sentences imposed). Once the Board of Parole issues a warrant for a violation of the conditions of parole, the plain language of D.C.Code § 24–205 (1981) requires the officer to whom the warrant is delivered to execute it.[1] *See also* 28 DCMR § 218.9 (1987) (authorized officer to whom warrant for retaking of parole violator is delivered *"shall* in keeping with instructions of the Board, act on that warrant ...") (emphasis added). We therefore affirm the trial court's ruling on the warrant issue.

## III.

■ Appellant also asserts the prosecutor committed misconduct in asking appellant whether the officers had "made a mistake" in their testimony that appellant had sold them the drugs and that the five dollar bills were found on appellant. We agree. It was improper for the prosecutor to ask one witness to "express a view or an opinion on the ultimate credibility of another witness' testimony." *Carter v. United States*, 475 A.2d 1118, 1126 (D.C.1984), *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1222, 84 L.Ed.2d 362 (1985). It was also improper for the prosecutor to continue this line of argument in rebuttal, stating that the defense had argued one officer had been mistaken and the other had lied. The improprieties however, were harmless because they did not rise to the level of "substantial prejudice" required to justify reversal. *Dyson v. United States*, 418 A.2d 127, 132 (D.C.1980). The government's case was strong, and the trial court properly instructed the jury that it was the sole judge of witness credibility and that the arguments of counsel were not evidence. In context, we are satisfied that the prosecutor's two questions and argument in rebuttal did not deprive appellant of a fair trial.[2]

*Affirmed.*

---

**1.** D.C.Code § 24–205 (1981) provides in part: Any officer of the District of Columbia penal institutions, any officer of the Metropolitan police department of the District of Columbia, or any federal officer authorized to serve criminal process within the United States to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States.

**2.** Appellant's argument that he should not have been sentenced separately for distributing PCP and marijuana is frivolous. *See Corbin v. United States*, 481 A.2d 1301 (D.C.1984).