[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR SUMMARY JUDGMENT
This is an action brought to recover damages for personal injuries that Dustin Mazzucco, a minor, allegedly sustained when he stepped on some broken glass on July 6, 1988 at Sasco Beach in Fairfield, Connecticut. The defendants are the Town of Fairfield and two of its municipal employees [hereafter "defendants"]. The defendants admit that on and before July 6, 1988 the Town of Fairfield owned a public beach known as Sasco Beach located on Sasco Hill Road. CT Page 6483-A
In a substituted four count complaint[1] filed January 17, 1991, the plaintiffs Dustin Mazzucco and his mother Cynthia Mazzucco [hereafter "plaintiffs"] allege, among other things, that "parking permits were required for entry to all town beaches, including Sasco Beach, and the Defendant, Town of Fairfield, charged a fee for said permits." The defendants have denied this allegation.
On September 9, 1991, the defendants filed their answer and two special defenses. In the first special defense, the defendants assert that they are immune from liability under Conn. Gen. Stat.52-557g. The second special defense alleges that the defendants were performing a governmental function in maintaining the beach and are not liable under the doctrine of governmental immunity.
On September 2, 1992, the defendants filed a motion for summary judgment, with a supporting affidavit and a memorandum of law, on the ground that they are immune from liability pursuant to 52-557g, which is part of the Connecticut Recreational Land Use Act, Conn. Gen. Stat. 52-557f-52-557i [hereafter CT Page 6483-B "act"]. On October 21, 1992, the plaintiffs filed a memorandum in opposition to the motion for summary judgment with a supporting affidavit incorporating certain rules and regulations of the Town of Fairfield. The defendants filed a supplemental memorandum of law in support of their motion for summary judgment on October 22, 1992. The principal issue raised by these pleadings is whether the Town of Fairfield makes Sasco Beach available to the public without charge for recreational purposes.
Summary judgment is appropriate only if the pleadings and other proof submitted in connection with the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. E.g., Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The burden is on the moving party to show "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. [Citation omitted.]" Dougherty v. Graham, CT Page 6483-C161 Conn. 248, 250, 287 A.2d 382 (1971). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 156
(1978). When ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. [Citation omitted]." Nolan v. Borkowski, 206 Conn. at 500.
The defendants contend that there is no, genuine issue of material fact in this case and that they are entitled to judgment because they are immune from liability under 52-557g. That statute provides, in pertinent part:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for CT Page 6483-D recreational purposes. (Emphasis supplied.)
Under the terms of Conn. Gen. Stat. 52-557h, a landowner remains liable:
 (1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) for injury suffered in any case where the owner of land charges the person to enter or go on the land for the recreational use thereof. . . . (Emphasis supplied.)
 The immunity provided under 52-557g extends to municipalities and municipal employees. Manning v. Barenz, 221 Conn. 256, 260-62, 603 A.2d 399 (1992); see Scrapchansky v. Plainfield, 226 Conn. 446, 460, ___ A.2d ___ (1993). To establish immunity under 52-557g in this case, the defendants must prove that Sasco Beach is owned by the Town of Fairfield, a fact not in dispute, and is made available to the public for recreational use without charge, rent or fee, a fact that is in dispute. CT Page 6483-E
 The defendants contend that Fairfield makes Sasco Beach available without charge for recreational purposes. They have submitted an affidavit of Frank Daniels, the Director of the Fairfield Department of Public Works, which contains, among other things, the following paragraphs:
 6. From Memorial Day until Labor Day of each year, residents of the Town of Fairfield may park automobiles at Sasco Beach provided they have a parking permit. Non-residents of Fairfield may not park automobiles at Sasco Beach from Memorial Day to Labor Day unless they are town employees or own property in Fairfield.
The plaintiffs dispute the defendant's position. They have submitted the affidavit of Cynthia Mazzucco in which she states that: "As a practical matter, there is nowhere to park a car in the vicinity outside of Sasco Beach so it is necessary to enter Sasco Beach by way of a vehicle." Affidavit, parag. 20. She also states that on July 6, 1988 she and her son were residents of Trumbull, parag. 4, and she reproduces certain Rules and Regulations for Fairfield CT Page 6483-F Beaches that were in effect on July 6, 1988 and were provided to her by a clerk at the Fairfield Town Hall, parag. 5, 6. These regulations provided, in pertinent part:
 Section 3(a) Seasonal and temporary parking permits issued annually by the Park Commission are required for entry to all Town beaches and marinas from Memorial Day weekend to and Labor Day.
 (b) Seasonal parking permits for residents and non-resident taxpayers shall be issued at fees to be determined annually by the Park Commission for all Town beaches and marinas.
 (c) The Park Commission may issue seasonal parking permits to any resident of the town of . . . Trumbull . . . upon application and satisfactory proof of such residence. . . .
The plaintiffs contend that since seasonal parking permits for which a fee was assessed were required for entry to Sasco Beach, the beach was not "made available to the public without charge, rent, [or] fee." CT Page 6483-G
The act defines a "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." Conn. Gen. Stat. 52-557f(1). The act does not define the word "fee," but it is generally defined as a "charge fixed by law . . . for use of a privilege under control of government," Black's Law Dictionary (6th ed. 1990) or "a fixed charge for admission . . . a charge fixed by law or an institution." Webster's Third New International Dictionary (1971).
 In construing a similar recreational use statute in Pennsylvania, the court in Livingston v. Pennsylvania Power Light Co., 609 F. Sup. 643, 648 (D. Pa. 1985)], explained that "charge" connotes a "`"quid pro quo,' i.e., a charge in exchange for permission to enter that land at that time.'" (Emphasis in original.) Id., quoting Hahn v. Commonwealth, 18 Pa. D.C.3d 260, 265 (1980). . . . The court in Livingston further held that "[t]he only way to avoid inconsistent application of the Act . . . is to interpret the word `charge' . . . as an actual admission price paid for permission to enter the land at the time of its use for recreational purposes." CT Page 6483-H
Genco v. Connecticut Light Power Co., 7 Conn. App. 164,170-71, 508 A.2d 58 (1986).
The plaintiffs' affidavit and the Fairfield regulations[2] upon which it relies raise questions about whether the fees assessed for seasonal parking permits are a charge fixed by law for the use of the recreational facilities at Sasco Beach. Drawing all inferences in favor of the plaintiffs, there exists a genuine issue of material fact as to whether the fees assessed for seasonal parking permits are simply a charge for the privilege of parking near the beach, which would not constitute a charge within the meaning of the act, or a means by which the Town of Fairfield charges admission for the use of its beach, which would defeat the immunity provided by the act. Accordingly, the defendants' motion for summary judgment is denied.