[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 7, 1992, the plaintiff, Frank Stanley, filed a one count complaint in negligence against the defendants, Michael and Charles Martone. The complaint alleges that the Martones were the owners and lessors of the building known as 308 and 310 Willow Street. On July 23, 1990, the plaintiff, a guest of his sister Antoinette Wynkoop the lessee of 308 Willow Street, slipped and fell due to a defective entranceway between the dining room and bathroom hallway. The entranceway was raised with a baseboard heating unit running beneath. As a result of this fall the plaintiff suffered injuries.
On April 15, 1994, the defendants filed a motion for summary judgment along with a supporting memorandum, and an affidavit by Michael Martone. The plaintiff, June 3, 1994, filed a memorandum in opposition to the defendants' motion for summary judgment, along with an affidavit by Antoinette Wynkoop.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Connecticut Bank Trust Co. v.Carriage Lane Assoc., 219 Conn. 772, 780-81, 559 A.2d 334 (1991). "Although the party seeking summary judgment has the burden of CT Page 7196 showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Id. "[I]t [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust v. Carriage LaneAssoc., supra, 219 Conn. 781. "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
The defendants contend that the lessee had exclusive possession or control over the demised premises and, therefore, they have no duty of care towards their tenant or their tenant's social guest. In response the plaintiff argues that the language of General Statutes § 47a-7 requires the lessor to maintain in "safe working order and condition" the heating systems, thus creating a duty of reasonable care on the part of the defendants.
"It is the duty of the lessor to use reasonable care to keep in a reasonably safe condition the parts of the building over which he reserves control. . . .This duty applies, for example, to commonpassageways retained by him for the use of his tenants and of those having lawful occasion to visit the various apartments. (Emphasis added; citation omitted.) Torre v. Derenzo, 143 Conn. 302, 305,122 A.2d 25 (1956). "Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v.Andrews Corp. , 154 Conn. 220, 225, 224 A.2d 546 (1966). "In the absence of an express or implied agreement to the contrary, the lessee of [an apartment] . . .acquires an exclusive occupancy and control of the [apartment] and, as incident thereto, the parts of the structure which form an integral part of the [apartment]." (Internal quotation marks omitted.) Buturla v. St. Onge, 9 Conn. App. 495,497, 519 A.2d 1235 (1987), quoting Bentley v. Dynarski,150 Conn. 147, 150, 186 A.2d 791 (1962). "[T]he landlord is under no implied obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repairs of defects therein where the landlord has not made any warranty or contract relative to the condition of the demised premises or the repair of defects." Panaroni v. Johnson,158 Conn. 92, 97, 256 A.2d 246 (1969). "Ordinarily, under an oral CT Page 7197 lease of a[n apartment] in a building housing more than one family, the lessor neither impliedly warrants that the demised premises are in a reasonably safe condition nor impliedly undertakes to keep in reasonable repair the portion of the premises retained in the exclusive possession and control of the lessee." Bentley v.Dynarski, supra, 150 Conn. 150. "The lessee usually assumes the risk arising from defective or dangerous conditions in that part of the premises, and the lessor is not liable for injuries to the lessee sustained by reason of those conditions." Torre v. Derenzo, supra, 143 Conn. 306. "[T]he rule does not apply to defects, whether resulting from faulty design or disrepair, existing at the beginning of the tenancy, if they (a) were not discoverable on reasonable inspection by the tenant, and (b) were defects with a knowledge of which the landlord was chargeable." Masterson v.Atherton, 149 Conn. 302, 307, 179 A.2d 592 (1962). "[A]ctual knowledge, by the tenant, of a given defect is fatal to his case, even if the defect was not discoverable upon reasonable inspection." Id. Furthermore, the lessor has no greater liability towards social guests than to the lessee. Torre v. Derenzo, supra,143 Conn. 308.
The allegations in the complaint, and the affidavit of the tenant, demonstrate that the injury was caused by a raised entranceway and baseboard heater within the rented apartment. It is also apparent from the facts that this is an existing condition and not a result of disrepair. The plaintiff has not produced evidence, or alleged that the condition was not reasonably discoverable by the plaintiff. The condition was in plain view; moreover, the affiant, Wynkoop, attests that "[t]he aforementioned defect was in existence at the time when I originally moved into the premises." This statement shows actual knowledge on the part of the lessee and is fatal to the plaintiff unless there was an agreement that the defendant retain control over the area in question. The plaintiff does not allege such an agreement, but argues that General Statutes § 47a-7 requires that the landlord retain control over the area in question.
The relevant portion of General Statutes § 47a-7 provides that the landlord must "[m]aintain in good and safe working order andcondition all electrical, plumbing, sanitary heating, ventilating and ether facilities and appliances and elevators, supplied or required robe supplied by him." (Emphasis added.) General Statutes § 47a-7(a)(4). "The objective of statutory construction is to give effect to the intended purpose of the legislature. . . .It is axiomatic that, where the statutory language is clear and CT Page 7198 unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Citation omitted.) Pactor v.Seppala Aho Construction Co., 33 Conn. App. 422, 428,636 A.2d 383 (1994). "[P]rinciples of statutory construction. . .require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." Scrapchansky v. Plainfield,226 Conn. 446, 453, 627 A.2d 1329 (1993).
The phrase "safe working order and condition" unambiguously refers to the operation of the heating and not to its location or placement within a rental unit. The intent of the legislature as expressed in the language of the statute was to ensure that the support systems of tenant dwellings function properly, not to protect people from stumbling over them. While summary judgment is ill-adapted to negligence because of the mixture of fact and law;Spencer v. Good Earth Restaurant Corp. , 164 Conn. 194, 198,319 A.2d 403 (1972); the plaintiff in this case has failed to raise the necessary factual predicate to show there was a duty of care, on the part of the defendants, towards their tenant or her social guests. Therefore, the defendants' motion for summary judgment is granted.