[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 23, 1993, the plaintiff, Anthony Fotia, filed a one count complaint in negligence against the defendant, the Housing Authority of the Town of Greenwich. The complaint alleges that the Housing Authority owned and controlled the apartment complex known as Adams Gardens. It is further alleged in the complaint that on May 2, 1993, the plaintiff, a resident of the complex, was playing basketball on a basketball court, located on the premises, when he fell sustaining an injury to his left ankle and right knee. Plaintiff alleges that his fall was caused by the cracked condition of the asphalt on the court and that the Housing Authority was negligent for, among other things, maintaining the court in a dangerous and defective condition.
On March 15, 1994, the defendant answered the complaint and included a special defense that the Housing Authority was immune from liability pursuant to General Statutes § 52-557g, the "recreational use statute."
The defendant filed a motion (#106) for summary judgment, based on § 52-557g immunity, along with a supporting memorandum and affidavit of Thomas Crawford, the executive director of the Greenwich Housing Authority.
In opposition to the defendant's motion for summary judgment, the plaintiff filed his own affidavit.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Connecticut Bank Trust Co.v. Carriage Lane Associates, 219 Conn. 772, 780-81, 559 A.2d 334
(1991). "Although the party seeking summary judgment has the burden of proof showing the nonexistence of a material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together CT Page 2350 with the evidence disclosing the existence of such an issue." (Citation omitted.). Id. "[I]t [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) Wadia Enterprises. Inc. v. Hirschfeld, 224 Conn. 240,247, 618 A.2d 506 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust v.Carriage Lane Assoc., supra, 219 Conn. 781. "The test is whether a party would be entitled to a directed verdict on the same facts." Id.
General Statutes § 52-557g states:
 (a) Except as provided in § 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in § 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
In order for a landowner to avail himself of the immunity extended under General Statutes § 52-557g, he must establish conclusively that he made all or part of his land available for a recreational purpose (1) to the public, Scrapchansky v. Plainfield,226 Conn. 446, 451, 627 A.2d 1329 (1993), and (2) that the availability of the land for such use was not conditioned upon any charge, rent, fee, or other commercial service. Mazzucco v. TownCT Page 2351of Fairfield, 9 Conn. L. Rptr. 488, 489 (September 6, 1993, Lager, J.). At the very least, there remains an issue of material fact between the parties as to whether the defendant meets these criteria.
Availability to the public.
In order to claim immunity from liability under the recreational use statute, the defendant must establish that the land was open to the public. Philipcik v. Richardson,
9 Conn. L. Rptr. No. 11, 339 (August 2, 1993, Lewis, J.). In Philipcik, the court held that summary judgment was inappropriate because there was a dispute as to the interpretation of the term "public". InPhilipcik, the plaintiff was injured while using a pool owned by the defendant. The pool was open to any disabled or handicapped person, as well as his friends or family. The defendant contended "that the word public [did not] mean all the people, but so many as to contradistinguish them from a few." Id., 340, (citing Black's Law Dictionary 1104 (5th ed. 1979)). The plaintiff, relying on Black's Law Dictionary 1393 (4th ed. 1968) as authority, stated that "public cannot be construed as contradistinguishing people by personal characteristics, physical traits or physical handicaps, but that the term contradistinguish refers only to people as inhabitants of a particular place." Id., 340. Based on this definition, the plaintiff argued that the pool was not open to the general public because it was available for therapeutic swimming only when an individual ha[d] a note from a doctor, or [was] accompanying a handicapped or disabled person. Id.
The court in Philipcik held that, view in the light most favorable to the nonmovant, a genuine issue of material fact remained unresolved, which was the interpretation of the term "public" in General Statutes § 52-557g, and therefore summary judgment was contraindicated. Id., 340.
In this case, the plaintiff alleges that the basketball court located at the Adams Gardens complex was only open to the residents of the complex. In support of this allegation, the plaintiff has provided photographs of signs located in the area of the basketball court, expressly stating that the common areas are for residents and their guests only. Also, the plaintiff attests that he has witnessed individuals being arrested for trespassing on the property and that he has seen the Greenwich Police advise certain individuals that the Project was private property. CT Page 2352
Viewed in the light most favorable to the nonmoving party, summary judgment is inappropriate because there is a dispute as to whether the basketball court at the Adams Gardens Complex was open to the public.
Availability for Recreational Use Made Without Charge, Rent or Fee.
In order to claim the immunity under the Recreational Use Statute, the land owner must establish that the use of the land was provided free of charge, rent or fee. Mazzucco v. Town ofFairfield, supra, 9 Conn. L. Rptr. 489. In Mazzucco the court held that summary judgment based on General Statutes § 52-557g was inappropriate because there was a genuine issue of material fact in dispute as to whether the town charged a fee for the privilege of using one of its beaches. In Mazzucco, the plaintiff was injured after stepping on broken glass at Sasco Beach in the town of Fairfield. In response to the defendant's motion for summary judgment, the plaintiff asserted that a fee assessed for a seasonal parking permit constituted a charge for admission to the beach and therefore the defendant could not avail itself of the immunity provided under § 52-557g. Id. The court, in denying the defendant's motion for summary judgment, held that there existed "a genuine issue of material fact as to whether the fees assessed for seasonal parking permits [were] simply a charge for the privilege of parking near the beach which would not constitute a charge within the meaning of the act, or a means by which the Town of Fairfield charges admission for the use of its beaches, which would defeat the immunity of the act." Id.
In this case, the plaintiff asserts that he is a tenant at the Adams Garden complex who pays rent to defendant for the right to occupy his apartment and use the defendant's facilities and that the defendant is precluded from asserting immunity based on the recreational use statute. Accordingly, since there is a question as to whether the rent charge for the use of the apartment and facilities includes a charge for using the basketball court at Adams Gardens, the defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut this 16th day of March, 1995.
WILLIAM BURKE LEWIS, JUDGE CT Page 2353