[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT #136
On October 16, 1995, the plaintiff, Patricia Coutermash, filed a revised complaint against the defendants, City of Norwalk, Richard Allen, Harold Ward, Peter Kearney, and Vincent Grillo. The plaintiff alleges that on May 5, 1992, after having paid the fee charged by the defendant, City of Norwalk, she entered Oak Hills Park to play on the golf course located in the park. On that date, after having finished playing golf, she stepped on a five inch high concrete slab deck in order to enter her score on a scoreboard located outside of the pro shop. As she stepped back and down off the concrete slab, "her foot and shoe caught in a hole in the asphalt walkway at the base of the CT Page 13216 deck, which hole was several inches deep," causing her to fall. (Plaintiff's corrected revised complaint, ¶ 6). As a result of her fall, the plaintiff claims injury.
This complaint is brought in seven counts. The first, third, and fifth counts are brought against employees of the City of Norwalk/Oak Hills Park and set forth causes of action sounding in negligence. The second, fourth, and sixth counts are against the City of Norwalk and are brought pursuant to General Statutes § 7-465 and § 52-557n. The seventh count is against the defendant Vincent Grillo, the proprietor of the Golf Pro Shop at Oak Hills Park.
On June 6, 1994, the defendants filed an answer with special defenses. The defendants allege in their first special defense that they are entitled to governmental immunity pursuant to common law and pursuant to General Statutes § 52-557n. The defendants allege in their second defense that they are entitled to immunity pursuant to the Recreational Use Statute.
On August 2, 1995, the defendants filed a motion for summary judgment, with a memorandum of law in support of its' motion, as well as affidavits by Richard Allen and Jack E. Miller, the Director of Finance for the City of Norwalk. On September 18, 1995, the plaintiff filed an objection to the summary judgment motion, accompanied by a memorandum in support of her objection and her own affidavit.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384.Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994). "The motion for summary judgment is designed eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). In deciding a motion for summary judgment the court is, "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v. Dickmont Plastics Corp. , supra,229 Conn. 110. In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id, 106. CT Page 13217
The defendants move for summary judgment on two grounds. First, they allege that they are entitled to immunity pursuant to the Recreational Land Use Statute, General Statutes § 52-557g(a). Second, they allege that they are entitled to immunity pursuant to General Statutes § 52-557n.
The plaintiff argues that the Recreational Use Statute does not apply to the defendants because she was charged a fee upon entering the golf course located in Oak Hills Park. In addition the plaintiff argues that General Statutes § 52-557n has no application in this case because her fall did not occur on a "road or a bridge" as defined in the statute.
1) Recreational Use Statute
In order for a landowner to avail himself of the Recreational use Statute, "he must establish conclusively that he made all or part of his land available for a recreational purpose to the public, . . . and that the availability of the land for such use was not conditioned upon any charge rent fee or other commercial service. . . ." (Citation(s) omitted.) Fotiav. Housing Authority, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133238,14 Conn. L. Rptr. 161 (March 16, 1995, Lewis, J.). Furthermore, "immunity is still available if a fee is charged in order to cover the maintenance and operations of the recreational facility, as long as the fee is not an admission charge." Williams v. City ofWaterbury-Board of Education, Superior Court, judicial district of Waterbury, Docket No. 115664 (July 15, 1994, Sylvester, J.), citing Genco v. Connecticut Light Power Co. 7 Conn. App. 164,170-71, 508 A.2d 58 (1986).
In Wiersch v. State, Superior Court, judicial district of New London at New London, Docket No. 526866,13 Conn. L. Rptr. 598
(March 8, 1995, Hurley, J.), the plaintiff was injured while visiting a State Park. In response to the defendant's summary judgment motion, in which they claimed immunity under the Recreational Use Statute, the plaintiff argued that the parking fee charged at the state park really constituted an admission fee that would automatically bar the protection afforded by the Recreational Use Statute. Id. The court denied the defendant's motion for summary judgment stating that, "[b]ecause there is a material issue of fact in dispute regarding the nature of the parking fee charged, the state's motion for summary judgment CT Page 13218 must be denied." Id.
Similarly, in Mazzucco v. Town of Fairfield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262283, 9 Conn. L. Rptr. 488 (July 26, 1993, Lager, J.), the plaintiffs alleged that although entrance into the beach itself was free, the seasonal parking permits for which a fee was assessed were required for entry into beach. Thus, the plaintiffs argued that the beach was not made available to the public without a fee. The court held that there existed a genuine issue of material fact as to whether the fees assessed for seasonal parking permits were a means by which the Town of Fairfield charged admission for the use of its beach. Thus the defendant's motion for summary judgment was denied.
The defendants argue that they are protected by the Recreational Use Statute because entrance into the park itself is free and open to the public. In Mazzucco and Wiersch, the defendants in each case argued that entrance into the facility in question was free even though a parking fee was charged. In both cases the courts nonetheless held that the parking fee charged by a state or municipality may constitute an "admission" fee even though no fee was charged for entrance into the state facility itself.
The defendants also cite to Pare v. Malone, Superior Court, judicial district of New Britain, Docket No. 460469,13 Conn. L. Rptr. 141 (January 6, 1995, Stengel, J.) in support of their argument that the fee paid by the plaintiff does not constitute an admission fee. In Pare, the court determined that the municipality was entitled to immunity as to injuries sustained by the plaintiff while playing softball even though the softball team paid a fee to the town's recreation department. However this case is easily distinguishable from the present action. In Pare, the fee was a one-time league fee. In this case, the plaintiff has attested that she must pay an individual, nonresident fee each and every time she plays golf at Oak Hills Golf Course. (Affidavit of Patricia Coutermash, ¶ 10). Accordingly, there is a genuine issue of fact as to whether the fee charged by the defendants was an "admission fee". Thus, the defendant's motion for summary judgment is denied based on their first ground.
2) Defective Highway Statute
CT Page 13219
The defendants argue that the defective "asphalt walkway" where the plaintiff injured herself is a public highway under General Statutes § 52-557n. Thus, they argue that the plaintiff's exclusive avenue of relief is pursuant to the Defective Highway Statute, General Statutes § 13a-149.
General Statutes § 52-557n provides in pertinent part, "[A] political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . ." General Statutes 13a-149 provides in part, "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town. . . ."
The essential feature of a highway is that it is a way over which the public at large has a right to pass. Stavola v.Palmer, 136 Conn. 670, 683, 73 A.2d 831 (1950). The use by the public is the key element of a public highway.
In Stevenson v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 220145 (October 12, 1990, Spear, J.), the plaintiff was injured on his motorcycle while riding on a boulevard that is located within a park. At issue was whether the boulevard was a public highway for the purposes of the Defective Highway Statute, General Statutes 13a-149. The court determined that the status of a Boulevard located entirely within a park was a genuine issue of material fact that could not be decided on summary judgment. Thus, the defendant's motion for summary judgment was denied.
In the present case the plaintiff attests that, "[t]he pavement is an area between the pro shop and the golf carts CT Page 13220 which is devoted to golfing activity where the general public does not go. But for the recreational activity which included the posting of scores and the viewing of other people's scores, for which I paid a fee, I would not have been on the property that day." (Affidavit of Patricia Coutermash, ¶ 8). The dispute as to the status of the asphalt walkway is a material fact because if the walkway is a public highway, the plaintiff will be precluded from recovering since she did not bring a claim under General Statutes § 13a-149.
It has been stressed that "[s]ummary judgment is a strictly measured remedy and is to be used with great caution and clear acknowledgment only when warranted by law. . . . The moving party. . . must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation(s) omitted; internal quotation marks omitted.) Paine Webber Jackson Curtis Inc. v. Winters, 13 Conn. App. 712, 720, 539 A.2d 595
(1988). The defendants have not made such a clear showing in this case. Accordingly, the status of the walkway in question is a disputed material fact. Thus, the motion for summary judgment is denied on this ground also.
THE COURT
MAIOCCO, J