[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Janice Bergeron, commenced this action against the defendant, Joseph DeSimone, by a three count complaint dated March 20, 1996. The complaint alleges the following facts. The defendant was the owner of a two-family tenement house located on 20 Walnut Street in Danbury. The plaintiff occupied the second floor of the apartment house pursuant to a lease. On August 23, CT Page 11358 1994, at approximately 1 p.m., the plaintiff ascended a stairway in order to enter her apartment. When the plaintiff stepped on the top step of the stairway, a portion of the step collapsed causing the plaintiff to fall down the stairs and suffer various injuries.
The first count of the plaintiff's complaint sounds in negligence. The second count sounds in breach of contract. The third count alleges that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant now moves for summary judgment on all three counts of the plaintiff's complaint. A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 379,260 A.2d 596 (1969). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). The court may consider not only the facts presented by the parties' affidavits and exhibits, but also "the inferences which could be reasonably and logically drawn from them. . ."United Oil Co. v. Urban Redevelopment Commission, supra,158 Conn. 381. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
With regard to the first count, the defendant argues that he did not owe a duty to the plaintiff to repair the subject stair because the staircase was under the plaintiff's exclusive possession and control. "Ordinarily, a tenant takes the premises as he finds them. He bears the risk of any defective conditions which are within the demised area under his exclusive possession and control. . . This rule, however, does not apply to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord." (Citations CT Page 11359 omitted.) Civale v. Meriden Housing Authority, 150 Conn. 594,596-97, 192 A.2d 548 (1963).
In an affidavit submitted by the plaintiff, the plaintiff attests that she examined the subject step after the accident and discovered that a metal strip had been placed across the step in an improper fashion. The plaintiff further attests that "[t]he boards of the step underneath the metal strip were rotted, and it appeared to me that someone had placed the metal strip across the top step in a careless and makeshift manner in order to cover up and conceal the rotted condition. . . I was not aware of this condition when I rented the apartment, as the metal strip hid and covered up the defects."
The plaintiff's attestations create a genuine issue of material fact as to whether or not the aforementioned exception applies to the present case. Therefore, even if the defendant is correct in his assertion that the plaintiff controlled the stairway, the motion for summary judgment as to the first count must be denied.
The defendant argues that the plaintiff's breach of contract claim presents no genuine issue of material fact. The defendant contends that paragraph 13 of the lease demonstrates that he was under no contractual obligation to repair the defective step. The plaintiff counters that paragraph 18 imposed upon the defendant a duty to repair the step.[1]
"A lease is a contract . . . and its construction presents a question of law for the court. . . In construing a lease the controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had. . . [T]he lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Citations omitted; internal quotation marks omitted.) Robinson v. Weitz, 171 Conn. 545, 551,370 A.2d 1066 (1976).
Paragraphs 13 and 18 provide as follows:
 13. Maintaining the Property. I [tenant] have examined this Property and I am satisfied with its physical condition. I acknowledge that you [landlord] have made no promises to repair or improve the Property. I agree to keep the Property in as good condition as it was at the beginning of this Agreement, CT Page 11360 except for wear from reasonable use. I must get your written consent to alter or improve the Property.
 18. Entry by Landlord. You may enter the Property at reasonable times to provide services or to inspect, repair, improve or show it. You will give me reasonable notice of your intent to enter. You may enter the Property without my consent in case of emergency.
The plain meaning of the language contained in paragraph 13 reveals that the defendant was not obligated to repair the defective step. Paragraph 18 merely gave the defendant the right to enter the property if the plaintiff received reasonable notice. Accordingly, the defendant's motion for summary judgment as to the second count is granted.
The defendant attacks the third count on the ground that the plaintiff's CUTPA claim is predicated upon the plaintiff's negligence and breach of contract claims.[2] The CUTPA count alleges, inter alia, that the defendant induced the plaintiff to rent the property even though he knew that the building was in violation of state and city building requirements.[3] (See also Plaintiff's Affidavit.) Our Supreme Court has held that the violation of certain landlord-tenant statutes may form the basis of a CUTPA claim. See Conaway v. Prestia, 191 Conn. 484, 491-93,464 A.2d 847 (1983). Moreover, at least one Superior Court has held that "a broken step, alleged to be in violation of Hartford Municipal Codes and Landlord Tenant Statutes, is legally sufficient to sustain a cause of action under CUTPA." Hernandezv. King, Superior Court, Judicial district of Hartford-New Britain at Hartford, Docket No. 536321 (January 29, 1996, (Hennessey, J.) (16 CONN. L. RPTR. 65, 66).[4] Therefore, the plaintiff's CUTPA claim shall survive the defendant's motion. The defendant's motion for summary judgment as to the third count is, accordingly, denied.
Radcliffe, J.