CLARA MILLER *vs.* THE MUTUAL MORTGAGE COMPANY.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 10th—decided November 7th, 1930.

*John T. Robinson,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellee (defendant).

HINMAN, J.   The defendant owned a house, in Hartford, containing two apartments, one located upon

the first floor and one upon the second. The first floor was occupied by the plaintiff and her family and the second by a family named Smith, each under oral month to month lease making no specific mention of the stairway here in question. Each of the two apartments had a separate front entrance, but there was a common rear door opening onto a landing, from which a flight of steps led up to a hall on the level of the first-floor apartment, which hall was used by the tenants of both apartments. From this, stairs led up to a landing on a level with the second-floor apartment. There were no rooms on the third floor and no stairs leading to a third floor. The tenants of the first-floor apartment had no occasion to use the stairs leading to the second floor for any purpose other than to visit tenants of that floor, as any member of the public might do. A light on the first-floor landing was controlled by a switch within the first-floor apartment, and one on the second-floor landing by a switch in the apartment of the second-floor tenants. The second-floor tenants cleaned the stairs. The landlord retained no keys to any part of the house. Repairs were made by a representative of the defendant, upon reasonable request of the tenants.

On the evening of September 22d, 1929, the plaintiff went from her apartment to visit Mrs. Smith on the second floor, and, while returning down the stairway, fell and was injured. At some unknown date prior to the acquisition of the property by the defendant, a piece of the nosing of the projecting tread of an intermediate landing in the flight of stairs apparently had broken off and had been replaced and fastened with brads. This piece gave way beneath the plaintiff's foot and caused her to fall. No tenant had requested any repair of this stair or notified the defendant of any

defect therein, and neither the defendant nor any of the tenants had knowledge of the defect.

The determinative conclusions reached by the trial court from the facts found, as above stated, were that the stairway was not a common approach, but an appurtenance to the second-floor tenement and in control of the tenants thereof; that no portion of it was retained in the control of the landlord and the latter was under no duty to inspect it or make any repairs thereto, in the absence of a request by the tenants; hence the defendant was not guilty of negligence.

We have been unable to grant any of the requested corrections of the finding which would materially affect the soundness of these conclusions, which the appellant attacks as not supported by the subordinate facts. The question whether this stairway was included in the lease of the second-floor apartment as an appurtenance thereof, and so under the control of the tenant or, as the plaintiff claims, was reserved by the landlord, under its control, for the common use of both tenants, was one of fact. *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 Atl. 408. It is essentially a matter of intention, to be determined, unless it be definitely expressed in the lease, in the light of all the significant circumstances. A consideration entitled to much weight is the situation of the stairway with reference to the several apartments. If the enjoyment of the use by different tenants of apartments rented by them necessitates, or is rendered more convenient by, the use of stairs the status of which is under inquiry, this will usually be taken as indicating a retention of control by the landlord for the common benefit of the several tenants. If the stairway be so situated as not naturally to be regarded as intended for a common use by the various tenants, but only for use by one of them, this tends to

signify that the parties intended it to be annexed to the premises included in the lease of such tenant. *Brauner* v. *Snell*, 35 Idaho, 243, 205 Pac. 558; notes, 25 A. L. R. 1278, 58 A. L. R. 1413.

The use actually made of the stairway and the circumstances attending it are also evidence of intention. *Farguet* v. *DeSenti*, 110 Conn. 367, 370, 148 Atl. 139; *Brandt* v. *Rakauskas*, 112 Conn. 69, 151 Atl. 315.

The finding is that there was no occasion for the first-floor tenants to use these stairs in connection with their tenancy. Such occasion, obviously, was confined to the tenants of the second floor, and they assumed all the care, such as cleaning, which, so far as appears, this portion of the premises received. No use of the stairs by the first-floor tenants, as such, in connection with their apartment, is disclosed. The conclusion that the control thereof was in the tenants of the second floor instead of the defendant landlord is warranted by the subordinate facts.

The finding to the effect that the defendant caused repairs to be made within the house and apartments, upon request of the tenants, may be regarded as implying a covenant by the landlord to repair, embracing the stairway, although it was under the control of the tenant, Smith. "Where a lessor agrees to keep the leased premises in repair, he is not liable for failure to repair, unless he has notice that the repairs are necessary." *Rumberg* v. *Cutler*, 86 Conn. 8, 10, 84 Atl. 107. "Liability of the lessor [on a covenant to repair premises in control of the lessee] could arise only after notice to, or the presence of facts from which the law would imply knowledge of the defect by, the lessor." *Glynn* v. *Lyceum Theater Co.*, 87 Conn. 237, 239, 87 Atl. 296. The finding of lack of notice or knowledge of the defect, and want of request to repair the same,

relieves the defendant of liability, under the above rule.

There is no error.

In this opinion the other judges concurred.