JOSEPH WHITE *vs.* THE DEVITO REALTY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 7th—decided August 3d, 1935.

*Frank Covello,* with whom was *C. A. Moylan,* for the appellant (plaintiff).

*M. J. Blumenfeld,* for the appellee (defendant).

BANKS, J. The defendant was the owner of a tenement house in which there were twelve tenements, one of which was occupied by the plaintiff. In the

cellar there was provided for each tenant a space used for the storing of coal and wood. A passageway which afforded access to these spaces ran through the center of the cellar from west to east. This was used in common by all the tenants of the building and was within the control of the defendant. It was about six feet wide at its entrance at the west end of the cellar, narrowed to about two feet and eight inches near the center of the cellar, and widened to about four feet and nine inches at the east end. At about the center of the cellar the passageway turned to the north. About fifteen feet from the entrance of the passageway was a fifteen watt light which burned at night. The cellar space provided for the plaintiff was near the northeast corner of the cellar. The plaintiff claimed to have proved that in the course of changing the water pipes in the cellar the defendant caused a number of old pipes to be placed along the northerly partition of the passageway so that the ends of the pipes were near the entrance of the plaintiff's cellar space; that this point, which was beyond the bend in the passageway, was in total darkness; that the plaintiff went to the cellar for some wood and, as he came out of his cellar space and turned to proceed along the passageway, his right foot struck some of the pipes and he fell, receiving the injuries, to recover for which this action is brought. The defendant claimed to have proved that there had been no structural changes in the passageway since the beginning of the plaintiff's tenancy, and no change in the position of the light.

The plaintiff claimed that the defendant was negligent in permitting an accumulation of water pipes in the passageway so as to constitute a hazard to tenants using it, and in neglecting to have the passageway adequately lighted in view of the conditions then and there existing. As to the second claim the trial court charged

the jury as follows: "There is no statutory duty imposed upon the defendant to light the cellar at night and . . . there was no duty upon the defendant to furnish any additional facilities for light in the cellar than had been furnished. That may seem to you a harsh rule, but it is our law, which comes down to us from earlier times, and a tenant accepts a tenement when he rents it in the structural condition in which it then is. If he does not want to rent the tenement he does not have to, but if he rents it he accepts it in the structural condition in which it then is, and that structural condition, as I read the cases in the law, includes the lighting facilities. So, so far as any duty goes to furnish additional light in the cellar, I should charge you directly that no such duty lay upon the defendant." It is conceded that the defendant was under no statutory duty to light the passageway (*Delaney* v. *Shimelman,* 111 Conn. 22, 149 Atl. 139), but the plaintiff contends that it was for the jury to say whether or not the discharge of its common-law duty to exercise reasonable care to keep the passageway under its control reasonably safe for the use of its tenants required it to furnish additional lighting facilities, and claims that the court erred in withdrawing from the consideration of the jury the question of whether it was negligent in failing to have the passageway adequately lighted.

A lease is, in effect, a conveyance of an interest in the leased premises. There is no warranty on the part of the landlord that they are safe or fit for habitation. The lessee takes exclusive possession of the premises and accepts them as they are. He assumes the risks of any structural defects except such as he could not discern with reasonable diligence, and with a knowledge of which the landlord is chargeable. *Gallagher* v. *Button,* 73 Conn. 172, 176, 46 Atl. 819; *Valin* v. *Jewell,*

88 Conn. 151, 157, 90 Atl. 36; *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 577, 169 Atl. 602. The rule does not apply to those portions of the building which are not included within the apartment rented. These are not a part of the demised premises which the tenant has accepted and of which he has exclusive possession. There does not arise, as a matter of law, out of his tenancy of a portion of a building any assumption of the risk of structural defects in other portions of the building not included in his lease. *Aprile* v. *Colonial Trust Co.*, supra.

It is the duty of the landlord to use reasonable care to keep in a reasonably safe condition those parts of his building which are in his control, including passage-ways reserved for the common use of his tenants. *Koskoff* v. *Goldman,* 86 Conn. 415, 85 Atl. 588; *Chambers* v. *Lowe,* 117 Conn. 624, 629, 169 Atl. 912; *Aprile* v. *Colonial Trust Co.*, supra. The defendant.says that no duty rested upon it to furnish any facilities for lighting the cellar other than those existing at the commencement of plaintiff's tenancy. This is upon the theory, apparently adopted in the charge of the court, that the duty of the landlord extends no further than to keep the portion of the premises retained under his control in the condition in which they were when the tenant took possession. This is the rule adopted in Massachusetts, as appears from the cases from that jurisdiction cited upon defendant's brief. The weight of authority is otherwise, and it is generally held that the landlord's responsibility extends not only to keeping the passageways and halls in the condition they were in when the lease was signed, but in keeping them in good repair and safe condition. 2 Underhill, Landlord & Tenant, § 493, p. 814; see cases cited in annotations in 25 A. L. R. 1273, 39 A. L. R. 294, 58 A. L. R. 1412, and 75 A. L. R. 158. We have recently

held that this duty exists at the time the lease is executed, and ordinarily negatives any assumption by the tenant of a risk resulting from its breach by the landlord, *Brandt* v. *Rakauskas,* 112 Conn. 69, 74, 151 Atl. 315, and that it applies to any structural defects in the portion of the building which are not included in the apartment rented. *Aprile* v. *Colonial Trust Co.,* supra.

In *Gibson* v. *Hoppman,* 108 Conn. 401, 407, 143 Atl. 635, we refused to adopt the rule that negligence could not be predicated upon the failure of a landlord to light the halls and stairways retained under his control. We there pointed out that the jurisdictions which have adopted the rule recognize an exception when the passageway would not be reasonably safe in the absence of artificial light, that this exception limits but little the application of the accepted definition of the duty of a landlord to use reasonable care to keep such passageways reasonably safe, and we held that, as to the guest of a tenant, that duty extended to the lighting of passageways. There is no reason why he should not owe the same duty to a tenant. The only ground for a distinction would be that the tenant had assumed the risk, and could not complain if the premises were maintained in the same condition in which they were when the tenancy began. As stated above, we have held that ordinarily the tenant assumes no risks of defects resulting from breach by the landlord of his duty to keep in good repair and safe condition the portions of the building which are not within the tenant's exclusive control as a part of the demised premises. We are not here concerned with the question whether, if it had affirmatively pleaded it, the defendant could not have shown an actual assumption in fact by the plaintiff of the risk from the defective lighting of the passageway arising from the use of it with a knowledge

and appreciation of the danger involved. See *Freedman* v. *Hurwitz,* 116 Conn. 283, 286, 164 Atl. 647; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 234, 175 Atl. 780. It follows that the jury might have found that the discharge of the defendant's duty to exercise reasonable care to keep this passageway reasonably safe for the use of its tenants required, under the conditions then existing, additional lighting of the passageway, and that the court erred in withdrawing that question from their consideration.

The appellant also assigns error in a portion of the charge upon the issue of contributory negligence and in the failure to charge upon certain special features of the case. The charge as to contributory negligence was unexceptionable. There were no requests to charge and the failure to give the specific instructions set forth in the assignments of error did not constitute reversible error. *Quackenbush* v. *Vallario,* 114 Conn. 652, 656, 159 Atl. 893.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.