BERTHA K. ZORN *v.* ANDREW J. BEAL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

698

Argued June 4—decided June 30, 1948

*DeLancey Pelgrift,* for the appellants (defendants).

*William J. Secor, Jr.,* with whom, on the brief, was *J. Warren Upson,* for the appellee (plaintiff).

DICKENSON, J. This is an action for damages for personal injuries suffered in a fall on a driveway which the plaintiff, a tenant, claimed had been retained in the control of the defendants, her landlords. The defendants have appealed from the judgment, assigning error in the denial of a motion to set aside the verdict for the plaintiff and in the court's charge as to control.

From the standpoint most favorable to the plaintiff, the jury could have found the following facts:

The defendants were owners of land on which stood a single dwelling house and a building in the rear consisting of three separate garages, one of which had been used as a machine shop and for the storage of drilling equipment. A driveway led from the street to this building and was the only means of access to it and to the rear door of the dwelling house. In July, 1943, the defendants rented the house to the plaintiff and her husband for $40 and two of the garages for $5 each, on an oral lease from month to month, the defendants retaining the third garage and storing furniture in it and in the attic and cellar of the house, with the right of access to them. The defendants retained possession of the machine shop garage until March, 1946, when the plaintiff's son personally rented it of the defendants at $5 a month, the defendants removing some of their material and leaving some in storage and the son Frederick putting his own lock on the door. On June 9, 1946, the plaintiff, while walking in the driveway, fell because of its defective condition and suffered injuries for which she brought this action. Before the time of the accident, the defendants had delivered eggs and vegetables to the plaintiff weekly, had at times taken things they had stored from the attic and cellar, and had removed articles from the machine shop on occasion as they wished until March, 1946, using the driveway for these purposes. The driveway was in a fair state of repair at the original leasing but became defective in the fall of 1945. The plaintiff's husband asked the defendant Andrew Beal to repair it, saying, "The driveway is in awful bad shape." To this Beal replied, "Yes, I realize that. I just drove in. I could tell it is in bad shape. I will have to do something about it." On another occasion Beal said it would only be throwing money away to put

ashes or gravel on the driveway and added, "We will have to do something else about it."

The claim of the plaintiff on these facts is that the jury reasonably could have found that the defendants had retained control of the driveway for a common use for themselves and the plaintiff and that it was not a part of the leased premises. The defendants' contention is that the plaintiff leased the entire premises, agreeing to allow the defendants to leave household furniture in the house and other property in the machine shop; that at the time of the plaintiff's fall all three garages were rented and used by the plaintiff's family and the entire premises were occupied by them; that under the letting, the plaintiff's family had exclusive possession of the driveway; and that there was no implied warranty or agreement on the defendants' part to keep it in repair.

Under an oral lease from month to month there is ordinarily no implied warranty that the leased premises are in a safe condition, nor any implied undertaking by the lessor that he will keep in repair that part of the premises which are leased and placed in the exclusive possession and control of the plaintiff. The responsibility for the maintenance of them rests upon the tenant. *Gallagher* v. *Button,* 73 Conn. 172, 175, 46 A. 819; *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 189, 38 A. 2d 668. The rule does not apply to parts reserved by the landlord for the common use of the tenant and himself or others. *White* v. *DeVito Realty Co.,* 120 Conn. 331, 335, 180 A. 461. Liability in such cases depends primarily on the fact that the landlord has retained control. *Fogarty* v. *M. J. Beuchler & Son,* 124 Conn. 325, 331, 199 A. 550. There was no express reservation of the driveway by the defendants and the ques-

tion was whether the retention by them of the third garage and the use of the house for storage, with the right of access, would justify an inference by the jury that the driveway was retained by the defendants for the common use of themselves and the plaintiff.

In *Vinci* v. *O'Neill*, 103 Conn. 647, 654, 131 A. 408, we held that entering upon land in possession of another where there is an express or implied reservation of a right of access does not constitute an act of control. See also *Wilson* v. *Largay Brewing Co.*, 125 Conn. 109, 112, 3 A. 2d 668. In *Ziulkowski* v. *Kolodziej*, 119 Conn. 230, 233, 175 A. 780, we held that, where there was doubt as to title and the defendant had assumed ownership, collected rent and was in actual possession of the part of the premises where the accident occurred, she could be held liable for failure to repair, and we quoted from *Beaulac* v. *Robie*, 92 Vt. 27, 32, 102 A. 88, as follows: "Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession." In *Miller* v. *Mutual Mortgage Co.*, 112 Conn. 303, 305, 152 A. 154, we held that the question. whether a stairway was included in a lease as an appurtenance, and so was under the control of one tenant, or was reserved to the landlord, under its control, for the common use of both tenants was one of fact, and we stated: "It is essentially a matter of intention, to be determined, unless it be definitely expressed in the lease, in the light of all the significant circumstances."

While the jury might have found that the driveway was a part, and a necessary part, of the premises leased, as it was the only means of access to the rear door of the house and to the two garages the

plaintiff had rented, on the other hand they might have found that, the defendants having reserved the third garage and access to it and having later rented this to the plaintiff's son personally, the parties did not intend to include the driveway in the lease, and that control over it and the duty to keep it in repair remained with the defendants. *Perkel v. Grayson,* 119 Conn. 465, 469, 177 A. 534. The question was one of intention, and the jury reasonably could find from the words and conduct of the parties that the driveway was not included in the lease, that the plaintiff and her husband acquired only the right to use it in common with the defendants and that possession and control of it were in the latter. There was no error in the denial of the motion to set aside the verdict.

We test the charge by the claims of proof in the finding. Conn. App. Proc. § 73. The defendants have made no specific claims of proof, conceding that their claims, in so far as they are pertinent to the appeal, do not differ materially from those of the plaintiff. The claims of proof of the plaintiff are substantially the facts we have recited above in relation to the denial of the motion to set aside the verdict. The defendants contend that on these facts the court was in error in failing adequately to explain to the jury the meaning of control in its legal sense.

The trial court charged the jury that they were dealing with the legal relations that exist between tenant and landlord; that it is the general rule that where a landlord leases premises he is under no duty to keep those premises in repair, for he gives the tenant the exclusive possession and control of them; that here it was claimed by the plaintiff that the driveway leading to the rear of the house was not

leased to her but remained under the care and control of the defendant landlords; that the rule relieving the landlord from making repairs does not relieve him from liability for failure to keep in repair such portion of the leased premises as is not leased to any particular tenant but retained in his control for the use of himself and the tenant. The court then stated the claim of the plaintiff that the driveway was retained by the defendants as a common driveway for themselves and the tenant in the house and said that if this was the fact then it was their duty to keep it in repair. Later, the court said, "As both counsel have said to you, it seems to me that the important question here is the question of fact . . . whether the plaintiff . . . had exclusive control of the driveway . . . ," and added that if she had such control she had no right to recover damages. The court then referred to the arrangement or agreement between the parties at the original leasing and stated that it was undisputed that the defendants had the right to keep their furniture in the attic of the house and in the garage and that it was for the jury to say whether the result of that understanding and of the conduct of the parties thereafter was such as to make this a common driveway.

There was sufficient reference in the charge to facts that would justify the jury in finding whether or not there was exclusive possession in the plaintiff. Once they had determined that question, control would follow as a matter of law.

There was no further need to explain the legal meaning of the word.

There is no error.

In this opinion the other judges concurred.