JAMES A. DINNAN, ADMINISTRATOR (ESTATE OF JULIA SULLIVAN) *v.* STANISLAWA JOZWIAKOWSKI

KING, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued April 3—decided May 7, 1968

*John J. Resnik,* with whom, on the brief, was *Nathan A. Resnik,* for the appellant (defendant).

*John C. Flanagan,* with whom was *Edward T. Falsey, Jr.,* for the appellee (plaintiff).

COTTER, J. The plaintiff's decedent, a tenant of the defendant, was injured by a fall while descending an interior stairway leading from an apartment occupied by her which was located on the second floor of a building owned and occupied by the defendant. The premises consisted of a first or ground floor and a second floor, both of which were used for dwelling purposes, and a third floor which was used for storage purposes. An interior stairway in the rear of the building ran from the ground floor to the third floor and provided the means of ingress and egress to the third floor. The plaintiff's decedent rented and occupied only the four-room apartment on the second floor of the building. The rear interior stairway was used in reaching this apartment. The doors leading to the third floor and to the decedent's apartment ran off the second floor hallway, which was not within that apartment.

The defendant and her family used the rear inte-

rior stairway to reach the third floor, which was used by the defendant for storage purposes, and she was the only one who used the third floor. To reach the third floor from the first floor, the defendant would proceed up the stairs to reach the second floor and then would proceed from the door to the decedent's apartment up a small stairway to the third floor.

It is the claim of the defendant that the court (1) incorrectly instructed the jury with respect to the landlord's duty to the tenant "when it refused to consider the standards established by the building code and it tied its concept of duty to exclusiveness of control" and (2) "in refusing to hold as a matter of law that the plaintiff's decedent had assumed the risks of the staircase she used to reach her apartment." Other claims made by the defendant in her assignments of error were not briefed and are taken to have been abandoned. *Wood* v. *Wilton,* 156 Conn. 304, 306, 240 A.2d 904.

The generally accepted rule imposing liability on a landlord is that it is the duty of a landlord to use reasonable care to keep in reasonably safe condition the parts of the building over which he reserves control. This duty of the landlord would apply to a stairway retained by him for the use of himself and his tenant. *White* v. *DeVito Realty Co.,* 120 Conn. 331, 335, 180 A. 461; 32 Am. Jur., Landlord and Tenant, § 684; note, 25 A.L.R.2d 364.

Whether the defendant retained control over this stairway presented a question of fact to be determined under all the circumstances including the location and the enjoyment of the use by the tenant and the landlord. Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances. *Miller* v. *Mutual*

*Mortgage Co.,* 112 Conn. 303, 305, 152 A. 154. The court fully and accurately treated the issue of control in its charge to the jury. *Bentley* v. *Dynarski,* 150 Conn. 147, 186 A.2d 791, relied on by the defendant, is distinguishable since in the *Bentley* case the court stated (p. 151) that "there can be no doubt that the stairway was a part of the premises included in the plaintiffs' lease." Such was not the situation in the present case. The question of control was clearly placed in issue and became a question of fact to be resolved by the jury under all the circumstances. The defendant admitted in the pleadings that the first and third floors were "used, occupied, possessed and controlled" by her and that the entrance to and the exit from the third floor were by means of the rear stairway, which was used by her and her family to reach the third floor. The plaintiff offered evidence that the landlord cleaned and inspected the stairs leading from the first to the second floor, that she replaced light bulbs in the second-floor hallway, that she put and kept curtains there, and also that she cleaned the windows. There was ample evidence before the jury together with the admissions in the pleadings from which they could reasonably conclude that the defendant retained control of the stairway.

We have had occasion to employ the concept of "exclusive possession and control," contrary to the claim of the defendant, in discussing the landlord's liability to a tenant in connection with the use of demised premises, i.e., that part of the premises leased to and placed in the tenant's exclusive possession and control. *Torre* v. *DeRenzo,* 143 Conn. 302, 306, 122 A.2d 25; *Masterson* v. *Atherton,* 149 Conn. 302, 306, 179 A.2d 592. The jury could have found on the evidence that the stairway was not

part of the demised premises and that only the four-room apartment was within the exclusive possession and control of the tenant. *Zorn* v. *Beal,* 134 Conn. 697, 703, 60 A.2d 655.

In the course of the trial, provisions of the building code of the city of New Haven were used in evidence during the examination of expert witnesses. It is claimed by the defendant that, although the code does not apply to the building in question, it "must be considered with respect to the standards of safety it sets up." There was no claim of any violation of the building code since it was enacted after the building was erected. Under the circumstances, the defendant certainly has no ground to complain of the court's charge that the evidence as introduced in this connection "was for the purpose of testing the soundness of the opinions given" by the experts.

Finally, the defendant argues that the court erred in refusing to hold as a matter of law that the plaintiff had assumed the risk of any defects in the stairway. The tenant does not assume, as a matter of law, the risk arising from defective or dangerous conditions in the part of the property outside the demised premises which are retained in the control of the landlord and which the tenant has a right to use. *Seaman* v. *Henriques,* 139 Conn. 561, 567, 95 A.2d 701; *Torre* v. *DeRenzo,* 143 Conn. 302, 306, 122 A.2d 25.

There is no error.

In this opinion the other judges concurred.