I respectfully dissent. The majority's antiquated approach toward a prevalent issue in our mobile society impels me to assume the role of an iconoclast.
While adhesion to stare decisis may in this instance happily align us with the status quo, it again sounds the death knell for reform in an area of jurisprudence crying out for progressive reconstruction.
The majority, unfortunately, has opted to skirt the problem by a cleverly phrased dichotomy of issues that in effect does nothing more than pass the buck to the Legislature or focus on some dubious concept of "active" as opposed to "passive" negligence. In other words, we again retreat.
Where the owner leases parts of the premises to different tenants, and expressly or impliedly reserves other parts thereof, such as entrances, halls, stairways, porches, walks, etc., for the "common use" of multiple tenants and their invited guests, it is his duty to exercise reasonable care to keep safe those parts over which he reserves control; and if he is negligent in this regard and because of his negligence a personal injury results to a tenant or to a person exercising the rights of the tenant, he is liable, provided the injury occurs while a reserved part of the premises is being used in the manner intended. United Shoe Machinery Corp. v. Paine,26 F.2d 594 (1st Cir. 1928); Johnston v. De La Guerra Properties,28 Cal.2d 394, 170 P.2d 5 (1946); Dinnan v. Jozwiakowski,156 Conn. 432, 242 A.2d 747 (1968).
The careful reader will immediately note a lack of reference to "property" damage in the aforementioned authority. Such absence, however, should not prevent an implication that a lessor's duty to protect his tenants against personal injury on common passageways, approaches, etc., likewise includes a duty to assume responsibility for loss of or damage to personal property proximately caused by a lack of due care in maintaining such common areas.
The rule in most jurisdictions is that the landlord's duty extends to repairing defects arising after the tenant takes possession, and is not confined to keeping the premises in the condition in which they were when the tenant took possession.Brandt v. Rakauskas, 122 Conn. 69, 151 A. 315 (1930); Gibson v.Hoppman, 108 Conn. 401, 143 A. 635, 75 A.L.R. 148 (1928).
Appellants contend, and I agree, that the proper approach would be for this Court to overrule its prior decisions and strike down exculpatory clauses by way of judicial action. See e.g., Henrioulle v. Marin Ventures, Inc., 20 Cal.3d 512,143 Cal.Rptr. 247, 573 P.2d 465 (1978); Weaver v. American OilCompany, 257 Ind. 458, 276 N.E.2d 144 (1971); Papakalos v.Shaka, 91 N.H. 265, 18 A.2d 377 (1941).
While I note that the Appellants have cited only cases involving "personal" injury, I again submit that the gulf between "personal" injury and "property" damages or loss is not so wide that the bridge of the law cannot span it. Indeed, generally, it is foreign to the law of torts to distinguish between liability for property damage and liability for personal injury.
As a second avenue of escape, the majority adopts wholeheartedly a perpetual rule based on passive versus active negligence — the latter sometimes said to remove the protection afforded a lessor under the umbrella of his exculpatory clause. While such a distinction may have impressed Professor Prosser, it does nothing to support with reason the denial of a remedy to one injured, whether in person or in property rights. *Page 941 
Once again in our finest hour, having been figuratively tapped on the shoulder, we have shown ourselves, as before, unprepared to deal with an issue of utmost importance.
Through our remembrance of the past, we now condemn others to repeat it.