[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case the plaintiff slipped and fell on what she claims were ice and snow that had accumulated on a sidewalk CT Page 2644 outside the office where she worked. The defendant, Nickal Realty Company, owned commercial office space in the condominium where the plaintiff's office was located and rented the office space occupied by the plaintiff's employer.
The defendant, the only party sued, has moved for summary judgment on the ground that there is no evidence to indicate it possessed or controlled the sidewalk area. The law as to the granting of motions for summary judgment is clear. They should not be granted if there is a genuine issue of material fact; if there is a genuine issue of material fact it is not for the court to decide.
The law in our state is summarized in Connecticut Law ofTorts, Wright, Fitzgerald, Ankerman (3d ed.) § 46, p. 108.
 ". . . it is the possession of land that imposes liability for injuries rather than ownership of the land. The possessor is ordinarily the party responsible for the reason that the person in possession is in a position of control and is best able to prevent harm."
Also see Mark v. Clinch, 166 Conn. 295, 296 (1974); Ziulkowski v.Kolodziej, 119 Conn. 230, 232-233 (1934).
An affidavit was submitted by the secretary of the defendant, Exhibit B. It states the defendant owns commercial condominium office space in the Harmony Place Condominium Association. The building where the plaintiff's employer rents office space is part of the association and the office is rented from the defendant. The affidavit refers to a document entitled: "Amended and Restated — Declaration of Condominium — Harmony Place Condominium" (the document), Exhibit C. The affidavit claims the defendant is not and has not been responsible for maintenance of sidewalks within the condominium association. The document describes the sidewalk areas of the association as one of the "common elements". It is explicitly stated that the Executive Board of the association "is charged with the duty to regulate the use, maintenance, (and) repair . . . of the Common Elements."
In response to this material and the affidavit, the plaintiff offers two arguments. She says that there was an organization known as Harmony Place Condominium Owner's Association that was in existence but that was dissolved in October 1993. The date of CT Page 2645 the fall was February 1994. From this the plaintiff seeks to have the court deduce that since there is no "record of ownership" in any other party to the sidewalk and appurtenances, the owner of particular condominium units are therefore the owners of the sidewalks. The affidavit submitted by the defendant identifies the association as "Harmony Place Condominium Association." The declaration submitted as Exhibit C identifies the association as "Harmony Place Condominium." How am I to assume the dissolved "Harmony Place Owner's Condominium Association", which is referred to in the dissolution certificate, is the same organization as that referred to in Exhibit C or which the defendant's affiant refers to in its Exhibit B? How can I infer then that because of the certificate of dissolution, "there is no record of ownership in any other party" and thus that the defendant owns the sidewalk?
Even if the defendant were said to own the sidewalk, mere ownership doesn't form the basis of liability — possession and control is necessary. True, "whether or not the landlord retained control . . is a question of fact for the trier." Dinnanv. Jozwiakowski, 156 Conn. 432, 434 (1968). But the defendant has submitted an affidavit indicating the defendant has not and did not at the time of the fall exercise any possession or control of the sidewalk area. Mere unsupported assertions of fact by the plaintiff are insufficient to establish the existence of a material fact, Connecticut v. Groggin, 208 Conn. 606, 616 (1988), as is a bald statement that in fact an issue of fact exists,Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579
(1990). The plaintiff maintains that there is a genuine issue of material fact raised by her response to a question and the answer she gave to that question during her deposition.
At page 46 of the deposition, the following occurred:
 "Q. Now, in your capacity as district director, being responsible for overall office management, did you have occasion to be aware of who was responsible for maintaining the sidewalks at the Harmony Place Condominium Association?
 A. My personal secretary was Jenny, and there was a lot of times that I would say, `Jenny, call next door,' this office, for whatever problems we were having. And the secretaries handled that.
CT Page 2646
MR. PERKINS: Could you read the question back?
(Question read.)
A. It's my understanding that my landlord did."
What the plaintiff's "understanding" was doesn't put in issue or raise the material fact that the defendant was in possession or control of the sidewalk area. The fact that she might have even acted on that understanding by making communications to her secretary doesn't indicate what in fact her secretary did or what communications the latter secretary doesn't indicate what in fact her secretary did or what communications the latter individual had with the defendant and, more importantly, what the defendant did in regard to any such communications. The deposition testimony merely invites speculation; it doesn't present evidentiary matter on the basis of which the court can conclude there is a genuine issue of material fact. Citizens National Bankv. Hubney, 182 Conn. 310, 312 (1980). Our court has said that "in order to oppose successfully a motion for summary judgment, the opposing party must recite facts . . . which contradict those offered by the moving party." Dorazio v. M. B. Foster ElectricCompany, 157 Conn. 227, 229 (1968).
The defendant's motion for summary judgment is granted.
Corradino, J.