[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY, JUDGMENT
The defendant, Farmdale Associates, has moved for summary judgment on the grounds that there is no genuine issue of material fact with respect to Farmdale Associates' lack of control over the subject premises at the time the plaintiff CT Page 5433-LLLL allegedly slipped and fell thereon. The court agrees that Farmdale Associates had been ousted of possession by order of this court when a receiver was appointed and that all evidence presented with respect to this Motion for Summary Judgment indicates that the receiver, co-defendant Grove Property Services, was in possession and control of the premises of Farmdale Associates at the time of the plaintiff's alleged fall. Therefore, for the reasons more fully set forth below, the court grants the Motion for Summary Judgment.
The plaintiff has produced no evidence to contradict the following facts. Farmdale Associates ("Farmdale") owned an apartment building known as 3 Arnoldale Road in West Hartford, Connecticut on February 13, 1993. The plaintiff claims that she was injured on that date when she slipped and fell at 3 Arnoldale Road (the "premises").
The premises were mortgaged to People's Bank. In April, 1991, People's Bank commenced an action in Superior Court in Hartford against Farmdale in which it sought to foreclose the mortgage and sought the appointment of a receiver for the premises. The court, Maloney, J., granted the application for receiver, appointed Grove Property Services ("Grove") as receiver, and signed an order which authorized the receiver to collect all rents and to "repair and maintain the property," "remove any delinquent matters and deficiencies in the property constituting a serious fire hazard or a serious threat to life, health or safety," and "[e]xpend reasonable amount necessary for liability, fire, and casualty insurance for the Premises."
Shortly after the court entered the aforementioned Order, Grove assumed possession and control of the premises and remained in possession and control thereof at the time of the plaintiff's alleged fall. Therefore, at the time the plaintiff allegedly fell, Farmdale had legal ownership, but did not have possession or control of the premises.
"[I]t is the possession of land that imposes the liability for injuries, rather than the ownership of the land. The possessor is ordinarily the party responsible for the reason that the person in possession is in a position to control and is best able to prevent harm." Wright, Fitzgerald and Ankerman,Connecticut Law of Torts, 3d ed., p. 108. A landlord's duty to keep property in a reasonably safe condition is limited to those areas of the premises over which he has control. White v. DeVitoRealty Co, 120 Conn. 331, 335, 336, 180 A. 461 (1935). A landlord CT Page 5433-MMMM is normally not liable for the portion of the premises of which he does not possession. Smith v. Housing Authority, 144 Conn. 13,16, 127 A.2d 45 (1956).
The plaintiff has correctly pointed out that control is a question of fact. Panaroni v. Johnson, 158 Conn. 92, 256 A.2d 246
(1969). Thus, in Panaroni the Court held that the terms of the lease and the evidence that the landlord had made repairs to the stairway on which the plaintiff fell created an issue of fact as to who controlled the stairway. In this case, however, the plaintiff has failed to present any fact, other than Farmdale's ownership of the property, which contradicts Farmdale's assertion that it had neither possession nor control of the premises at the time of the plaintiff's fall. Without either possession or control, Farmdale had no liability. Summary judgment may enter in favor of Farmdale.
By the court,
Aurigemma, J.