[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
 I FACTS
The plaintiff, Margaret Windecker, fell on a set of three carpeted stairs located at her place of employment. She claims the stairs were defective and improperly maintained. She seeks compensation for the personal injuries she sustained as a result of her fall. At the time of the accident, the plaintiff was working for MBS Communications, Inc., (MBS), who leased the business condominium in which the plaintiff worked from the defendant, The Roscoe Family Limited Partnership. Robert Roscoe was both the general partner of The Roscoe Family Limited Partnership and CT Page 7895 the president and sole shareholder of MBS.
The Roscoe Family Limited Partnership filed this motion for summary judgment, claiming that MBS was in exclusive possession and control of the area where the plaintiff fell. Therefore, it claims it owed no duty to the plaintiff with regard to the area of the building where the injury took place. It claims it is entitled to judgment as a matter of law. Plaintiff maintains that the defendant did indeed have a duty to keep the premises in good repair. In support of her position, plaintiff points to various lease provisions, claiming that the landlord retained possession and control and that Robert Roscoe had actual knowledge of the stairs' defective condition and failed to remedy them. There are two central issues raised by the motion; (1) what are the facts surrounding Robert Roscoe's personal knowledge of the defective stairs; and (2) what is the meaning of the various lease provisions concerning possession, control and repairs to the demised premises. For the reasons set forth in detail below, the court concludes that the tenants were not in exclusive possession and control of the premises pursuant to the terms of the lease and finds that there are disputed issues of fact. The court therefore denies the motion for summary judgment.
 II DISCUSSION
A. Summary Judgment
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original; internal quotation marks omitted.) Id.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the CT Page 7896 existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
The existence of a duty owed by one party to another is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. Maffucci v. Royal Lake Ltd. Partnership, 243 Conn. 552,566-67, 702 A.2d 15 (1998). If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover. Thus, the issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law. Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 660,691 A.2d 1107 (1997).
B. Plaintiff's Allegations
Count one of the plaintiff's revised complaint, a negligence count, is directed against The Roscoe Family Limited Partnership. It alleges that the plaintiff's injuries were caused by the carelessness and negligence of Roscoe, and/or his agents, servants or employees, in one or more of the following ways in that: (1) the stairs were maintained in a defective condition, as rubber mats were secured on top of a carpeted set of stairs, and neither the carpet nor the mats were adequately secured to the underlying stair base; (2) the stairs were inadequately maintained, due to wear and tear on the carpet and bubbling of the rubber tread mats; (3) the stairs were defective because a rubber mat, designed for use on a wooden stairway, was placed on top of a carpeted stairway, when it was not safe to do so; (4) Roscoe failed to provide adequate safeguards and measures to protect the users of the stairway; (5) Roscoe knew, or in the exercise of reasonable care should have known, that the stairway in question was not safe, yet failed to take any measures of adequate measures to insure that the steps were maintained in a reasonably safe condition; (6) Roscoe failed to warn the users of the stairway of the dangerous condition of the stairs; and (7) Roscoe failed to regularly inspect the stairs in order to insure that dangerous conditions were remedied and the stairs were maintained in a reasonably safe condition. Central to any recovery on this count is possession and control of the premises and who owed a duty to the plaintiff.
C. Possession and Control of the Premises
In support of its motion for summary judgment, The Roscoe Family Limited Partnership maintains that MBS was in exclusive possession and CT Page 7897 control of the area where the plaintiff fell and that it therefore owed no duty to the plaintiff with regard to the area of the building where the injury took place. Possession and control of leased premises are the linchpins of premises liability claims against lessors. See Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). Liability for injury due to defective premises does not depend on title, but on possession and control. See Corvo v. Waterbury, 141 Conn. 719, 725, 109 A.2d 869
(1954). "It is the possession of land that imposes liability for injuries rather than the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Hobart v. McDonald's Restaurant ofConnecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.).
"Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances." Dinnan v.Jozwiakowski, 156 Conn. 432, 434, 242 A.2d 747 (1968). However, whether control of the premises has been retained by a lessor is best "determined by the intent of the parties as expressed in the terms of the lease."Martel v. Malone, 138 Conn. 385, 388-89, 85 A.2d 246 (1951). A lease is a contract and its construction presents a question of law for the court.Robinson v. Weitz, 171 Conn. 545, 551, 370 A.2d 1066 (1976); Sacharko v.Center Equities Ltd. Partnership, 2 Conn. App. 439, 445, 479 A.2d 1219
(1984). As has also been noted, "[t]he word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . Unless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue." (Citations omitted.) In considering control of the premises, one can look to acts of maintenance, upkeep, inspection, restricting or allowing entry to the property, and the use of the premises Panaroni v. Johnson, 158 Conn. 92, 98-100, 256 A.2d 246 (1969). More than one entity can be in control of a premises at the same time, and thus responsibility for injuries upon the premises may be shared by more than one entity.
Defendant relies on Articles Four and Six of the lease to make its case as to possession and control as a matter of law. Article Four of the lease sets forth the usual covenants for quiet enjoyment of the premises.[1] Article Six entitled "Tenant's Obligation To Repair and Maintain and to Repair Broken Glass and Windows," contains language that obligates the tenant to repair not only broken glass and windows, but also to keep the entire demised premises neat and clean and maintained in CT Page 7898 good order, sanitary and safe. These two central provisions, the defendants claim, clearly demonstrate that the tenant has exclusive control and possession of the property.
Relying on Central New Haven Development Corporation v. La Crepe, Inc.177 Conn. 212, 213, 413 A.2d 840 (1979) and Farrell v. McDonald'sCorporation, Superior Court, Judicial district of New Britain, Docket No. 98-0491505, (February 14, 2000, Graham, J.), the defendant maintains that the lease provisions are unambiguous concerning possession and control. In Central New Haven, the court had before it only one lease provision and was not required to construe several provisions together to give meaning to all. It therefore provides no particular support for the defendant's argument. In fact, citing earlier cases, the Central NewHaven court noted:
 "in construing [a lease], three elementary principles must be kept constantly in mind: (1) the intention of the parties is controlling and must be gathered from the language of the lease in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special meaning is clearly intended; (3) the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Internal citations and quotation marks omitted.) Ibid., p. 214.
 Farrell v. McDonald's Corporation is a superior court case construing various provisions of a lease that McDonald's had with a tenant. In Farrell, the court found that "the control must relate to the condition and location of the injury." In that case, the injury took place outside and was due to ice and snow. The court found that the only right retained by the landlord, the right to repair the building in the event of fire or other casualty, did not raise an issue of material fact concerning who had control over the removal of ice and snow. The court therefore granted the motion for summary judgment.
In this case, the defendant also argues that Article Nine, a lease provision giving a landlord the right, as opposed to the obligation, to enter the demised premises to make inspection or repair, does not reserve control of the premises to the landlord.[2] The court finds, however, that unlike the provision in Farrell, supra, this provision to inspect and make repairs is much broader in scope and grants the landlord a greater right to make repairs, which in the present case is directly connected to who had control over the location of the injury site. CT Page 7899
In its second memorandum in support of its motion for summary judgment, the defendant cites the case of Monarch Accounting Supplies v.Preziosa, 170 Conn. 659, 665, 368 A.2d 6 (1976) claiming the right granted under Article Nine of the lease does not reserve control to the landlord of the premises in question. Monarch involved the issue of whether or not the roof of a building had been leased to a tenant and what the tenant's rights for damages were, following interruption of his business by the construction of a large sign on the roof by a third party. The court found that the trial court had correctly construed the provisions of the lease to provide that the "limited nature of the defendant's right to enter only admit of a reversionary interest in the defendant. The fact of the minor repair to the roof does not contradict the implications growing out of the nature of the estate created by the lease." Ibid., p.. 665. It found that the landlord had not retained sufficient control to lease the roof of the premises to a third party. In the context of this case, there is no claim the landlord retained a level of control sufficient to dispute the tenant's rights of quiet enjoyment under Article 4 of the present lease, but just the right of entry for purposes of inspect and to make repairs, an entirely different issue. The court therefore also does not find Monarch persuasive on this issue.
Also cited by the defendant are the superior court cases of Oliver v.Health Rehabilitation Properties Trust, Superior Court. Judicial district of New Haven Danbury, Docket No. 93-0351198, (June 26, 1997,Zoarski, J.) and Patterson v. Fleming, Superior Court, Judicial district of Danbury, Docket No. 98-0331780 (October 14, 1999, Radcliffe, J.). InOliver, the lease provision, unlike the case at bar, provided the tenant with exclusive possession and control unambiguously. There was no shared right to repair, as in the present case. In Patterson, the landlord had the right to enter the premises upon reasonable notice, to inspect or make repairs, except in the event of an emergency. (Emphasis added.) The landlords resided in Brazil at the time in question and had no knowledge of the events leading to the lawsuit. They moved for summary judgment, claiming that they had no duty to the plaintiff as a matter of law. The court concluded that the landlord had not retained control over a portion of the premises and therefore had no duty to the tenant. Again, the facts are not precisely on point, since the landlords would have had to provide notice to inspect or to make repairs, indicia of their limited control, which they had not done since they had no knowledge of the situation. There are additional distinguishing facts not present in the case at bar.
It is undisputed that the subject area was leased to MBS. What is at issue is whether the Roscoe Family Limited Partnership's retained right to inspect and repair the premises has a bearing on who was in control of CT Page 7900 the area for purposes of control and possession. In order to resolve the issue, this court must first turn to the written lease to examine and determine if it definitely or expressly resolves who was in control. Pursuant to Article Nine of the lease, the landlord does not retain the exclusive right to make repairs, nor does the lease obligate the tenant to refrain from making repairs. The landlord does, however, reserve the right to inspect and make repairs to the premises at all reasonable times. It is not required to give notice of its intention to the tenant first and reserves unto itself the right to make repairs without first demanding that the tenant do so. In Article Sixteen, however, the lease limits the rights of the tenant to make any alterations or improvements absent the consent of the landlord. Reading all these provisions together, the court concludes that this particular lease, unlike those in the cases cited, is ambiguous on the issue of control, and does not definitively reserve control to one party or another. As a result, given the ambiguity, to make a determination as to control, the circumstances surrounding the use of the stairway, any repairs to the stairway, whether it was under the exclusive dominion of the tenant and any other relevant factual information are needed to resolve the issue of control. SeePanaroni v. Johnson, supra, 158 Conn. 98.
Plaintiff, in addition to other issues, in her objection to the motion for summary judgment points to the fact that Robert Roscoe is both simultaneously the general partner of the Roscoe Family Limited Partnership, the landlord, and president and sole shareholder of MBS, the tenant. This is undisputed. Affidavits and deposition transcripts are attached in support of these assertions and counter assertions. While Robert Roscoe claims to have had no knowledge of the defect, it is certainly clear he wore two hats in this matter. As tenant, he was on the premises daily and used the stairs in question. As landlord, he would, as general partner, be the only person who could have authorized inspection and repairs under Article Nine of the lease. Roscoe argues that the defect was never brought to his attention and that he otherwise had no reason to think that the steps were dangerous. The plaintiff responds that (a) the lease is ambiguous as to the issue of possession and control, which the court has found, and (2) Roscoe had unrestricted access to and was actually present at the leased premises every day.
Such issues are not appropriate for summary resolution based on counter affidavits, but are the province of the trier of fact after a full hearing on the merits. For the above stated reasons, this court cannot find, as a matter of law, as argued by the Roscoe Family Partnership, that MBS has exclusive possession and control of the premises, including the claimed defective stairs on which the plaintiff fell. The provisions of the lease, read altogether to give meaning to each one, are ambiguous. Further facts concerning how control was actually exercised, CT Page 7901 the prior acts of the parties, who are in fact one, and what the parties intended, are needed to determine which entity, if any or both, was in control of the subject area. Therefore, for all the foregoing reasons, the Roscoe Family Limited Partnership's motion for summary judgment is denied.
BY THE COURT
 ___________________ BARBARA M. QUINN, Judge