[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff commenced this action by writ, summons and complaint on November 20, 2001 by way of a one count complaint against the McDonald's Restaurants of Connecticut, Inc. The plaintiff alleges that on June 20, 2001, he was a patron of a McDonald's restaurant located on the Connecticut Turnpike, East, in Branford, Connecticut, when he was caused to slip and fall due to a wet and slippery floor.
On February 13, 2002, the plaintiff moved the court to cite in additional parties, Richard and Kathryn Spero, as the operators of said restaurant. The plaintiff's motion was granted and the plaintiff filed an amended two count complaint. The First Count is directed at McDonald's and the Second Count is directed at Richard and Kathryn Spero. The motion for summary judgment filed by the defendant McDonald's is directed to the First Count only.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). CT Page 13345
The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed.Santpietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996).
The issue of causation is a question of fact for the trier of fact,Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709
(1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner."Fogarty v. Bashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Nonetheless, "[t]he issue of whether [a] defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657, 660
(1997).
The defendant McDonald's argues that it did not own, possess, control or maintain the premises where the plaintiff fell. In support of its motion, the defendant has submitted a sworn affidavit of Geneace Williams, who is employed by the defendant as Senior Counsel. The affidavit sets forth that the defendant did not own the subject business; nor does it operate the business. The affidavit continues that the defendant didn't control the employees, and it didn't sell or supply products at the location. The defendant paid no utilities at the location. Lastly, the defendant's affidavit sets forth that the defendant had no right to and did not control the day-to-day business operations of the restaurant.
The plaintiff in opposing the motion for summary judgment has submitted a document titled "Concession Agreement To Operate Eight Restaurants and Two Snack Bars On The Connecticut Turnpike and Administration Building Employees' Cafeteria, Wethersfield, Connecticut," which is an agreement between the State of Connecticut and McDonald's. In paragraph 27 on page 17 of said agreement the defendant is made responsible for the majority of the maintenance and repair of the premises, including but not limited to the floors. Additionally, in paragraph 33 on page 19 of the agreement, the defendant as lessee is responsible for housekeeping, including but not limited to ". . . the sweeping, mopping and periodic scrubbing of all floor surfaces. . . ." These requirements of the defendant are again reiterated in an "Amendment To and Extension of Concession Agreement" and a "Second Amendment To Concession Agreement," the later being dated March 6, 1996. CT Page 13346
Also submitted by the plaintiff is a copy of an "Amendment to Franchise," dated May 1, 1995 between the defendant McDonald's and the defendant franchisees, Richard and Kathryn Spero. This agreement states that McDonald's ". . . shall have the right to inspect the restaurant at all times to ensure that the Franchisee's operation is in compliance with the standards of the McDonald's system," and makes the Franchisee's denial of McDonald's right to inspect the restaurant at reasonable times, a material breach of the Franchise Agreement. However, said agreement in paragraph 12 (a) obligates the Franchisee to "maintain the building . . . in a good, clean, wholesome condition and repair. . . ." Failure to comply with this provision is considered a material breach of the Franchise Agreement.
"Liability for injuries caused by defective premises is not based upon title, but on possession and control." Farlow v. Andrews Corp.,154 Conn. 220, 225, 224 A.2d 546 (1966). "Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease." Martel v. Malone, 138 Conn. 385, 388, 85 A.2d 246 (1951). . . . "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz,171 Conn. 545, 551, 370 A.2d 1066 (1976). When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction. See Central New Haven Development Corp. v. La Crepe, Inc.,177 Conn. 212, 215, 413 A.2d 840 (1979). "Unless it is definitively expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of interpretation in the light of all the significant and attendant facts which bear on the issue. . . ." Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969)." Garnettv. McDonald's Corp., Judicial District of New Haven at New Haven, Docket No. 330016 (October 15, 1993) (Zoarski, J.).
"[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." Gore v. People's Savings Bank,235 Conn. 360, 374, 665 A.2d 1341 (1995). In other words, "[t]he generally accepted rule imposing liability on a landlord is that it is the duty of a landlord to use reasonable care to keep in reasonably safe condition the parts of the building over which he reserves control."Dinnan v. Jozwiakowski, 156 Conn. 432, 434, 242 A.2d 747 (1968). CT Page 13347
"Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances." Id. at 434. "The word "control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . ." (Citations omitted.) Panaroni v. Johnson, supra, 158 Conn. 98. The control must relate to the condition and location of the injury. See Hobart v.McDonald's Restaurant of Connecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.) ("the notion of possession and control must relate to the condition that caused the injury and not merely the premises where the injury occurred.") In the present case the plaintiff claims to have slipped and fallen on his way to the restroom, located in the interior of the premises.
The right to inspect provision in the "Amendment To Franchise" dated May 1, 1995, does not raise a genuine issue of material fact as to whether McDonald's had control over the premises. "The right to inspect in this context does not mean and is not equivalent to the right to control. For example, the rights to inspect food production or quality of service, matters important to any franchise, are not determinative of control over the premises. The procedurally and factually similar case ofHobart v. McDonald's Restaurant of Connecticut, supra, Superior Court, Docket No. 263193, is persuasive in this regard." Farrell v. McDonald'sCorporation, Superior Court, judicial district of New Britain, No. CV980491505 (February 14, 2000) (Graham, J.). In Hobart, the court granted McDonald's summary judgment, holding that it did not have control over the premises regardless of the right to inspect provision of the lease agreement. The Hobart court stated that "[t]hese provisions . . . appear to be standard reservations of rights which are common in the commercial leasing context. Their primary function is to give the franchiser some ability to intervene, should it seem necessary to uphold the franchise's standards. . . . Regardless of the provisions regarding intervention, specifically rights of entry and inspection, McDonald's cannot reasonably be said to have been in control of the daily operation of the restaurant within the subject premises; in the circumstances, it had no duty regarding the alleged condition causing injury." Id. quotingHobart v. McDonald's Restaurant Connecticut, supra.
McDonald's was not in possession or control of the premises or of the daily business operations at the time of the plaintiff Ward's alleged fall. There is no indication that the franchisees were following a prescribed "McDonald's System" of mopping, cleaning or inspecting the floors, such as was considered in Garnett v. McDonald's Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 033016 CT Page 13348 (October 15, 1993, Zoarski, J.) In Garnett the Superior Court denied McDonald's Corporation's motion for summary judgment in similar factual circumstances. The minor plaintiff in Garnett was injured when he slipped and fell on a "wet, recently-washed portion of the restaurant floor. Although a lease agreement similar to the subject franchise agreement was attached to the defendant McDonald's motion, the court concluded that a genuine issue of material fact existed as to which party was in possession and control of the subject restaurant at the time of the accident. In light of the franchise relationship existing between McDonald's and its franchisees, the court reasoned that McDonald's held control over the policies and procedures of its franchise. The franchise agreement required the franchisees to follow the "McDonald's System" in operating the restaurant. Because the plaintiff alleged that his injuries were caused by negligent cleaning practices which were allegedly imposed by McDonald's, the court concluded that there was a genuine factual issue regarding possession and control which should be left to the jury. This court respectfully disagrees with the reasoning and holding of the court in Garnett. Under the clear and unambiguous language of the "Amendment To Franchise" agreement, McDonald's had no duty to keep and maintain the premises on a day-to-day basis; especially as it pertains to the daily cleaning and inspection of the floor areas. The defendants Spero, the franchisees, were responsible for the daily maintenance and upkeep of the interior floors on the restaurant's premises.
There is no genuine issue of material fact as to McDonald's lack of control of the premises where Ward allegedly fell. McDonald's is entitled to summary judgment as a matter of law. McDonald's motion for summary judgment is granted.
The Court
by ________________ Arnold, J. CT Page 13349