[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (113)
This is an action by a minor Plaintiff brought by her mother against the owner of real property located in Vernon. The complaint alleges that on December 12, 2001, the minor Plaintiff was on the premises and left her aunt's home located there and that after going down the stairs from the porch to a walkway, she stepped into a hole in the walkway and fell resulting in her injuries.
The Defendant moved to implead Cathy Barnes, the tenant of the premises, for indemnification and/or contribution alleging, among other claims, that she was in possession and control of the walkway that the minor Plaintiff claimed caused her fall and that, pursuant to the lease, she had taken full responsibility for its upkeep. The motion was granted and the Defendant filed an apportionment complaint against Barnes in which he alleges that pursuant to the lease Barnes was in possession and control of the walkway leading to her apartment and on which the plaintiff fell. The Defendant/Apportionment Plaintiff claims that if there was negligence on the part of anyone other than the minor Plaintiff herself it was that of the Apportionment Defendant Barnes which caused the Plaintiffs' injuries.
The Plaintiffs have moved to strike the apportionment complaint claiming that the pleading is legally insufficient as the Defendant has a nondelegable duty of care and cannot apportion his liability. In support of their claims, the Plaintiffs cite numerous cases dealing with the issue of whether a party may contract out his legal responsibility. Those cases deal with the issue of whether a property owner can be relieved from responsibility to keep his property reasonably safe where he has contracted out responsibility to do so to others. Generally the courts have not permitted such a shift of responsibility. The Defendant argues that this case is distinguishable from those cited by the Plaintiffs in that Barnes as the tenant in possession owes her own duty to her invitee to keep the premises safe. The Defendant argues that liability for injuries caused by defective premises depends on who has possession and CT Page 14687 control of the property, not who holds legal tile. The court agrees. Here the Defendant/Apportionment Plaintiff alleges that the Barnes "was in possession and control of the walkway leading to her apartment and on which the Plaintiff claims she fell."
For purposes of a Motion to Strike, the court must assume the truth of the factual allegations of the Apportionment Complaint. Macomber v.Travelers Property Casualty Corp., 261 Conn. 620, 629 (2002).
"The general rule regarding premises liability in the landlord-tenant context is that `landlords owe a duty of reasonable care as to those parts of the property over which they have retained control. . . .' Gorev. People's Savings Bank, 235 Conn. 360, 374, 665 A.2d 1341 (1995). `[L]andlords [however] generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant.' (Internal quotation marks omitted.) Id. The issue of whether the landlord retained control over a specific area of the premises is `essentially a matter of intention to be determined in the light of all the significant circumstances.' Dinnan v. Jozwiakowski,156 Conn. 432, 434, 242 A.2d 747 (1968). Thus, `[u]nless it is definitely expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue.'Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969). In other words, if the terms of control are not express between the parties, the question of who retains control over a specific part of the property is an issue of fact and a matter of intent that can be determined only in light of all the relevant circumstances." LaFlamme v. Dallessio,261 Conn. 247, 256-257 (2002). In determining the Motion to Strike, the court must construe the apportionment complaint in the manner most favorable to sustaining its sufficient. Vacco v. Microsoft Corp.,260 Conn. 59, 65 (2002).
Here the apportionment complaint alleges that Barnes had control of the part of the premises in which the Plaintiff fell. If that is true, Barnes had a duty to her visitors to keep the premises safe. Kriz v. ColdwellBanker Real Estate, 67 Conn. App. 688, 695 (2002).
The Motion to Strike is denied.
___________________, J. Jane S. Scholl CT Page 14688